*Exh. 35 + 62 pp*

ELECTRONIC

**Dec 1 , 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

## 09-82359-CIV-Ryskamp/Vitunac

JENNIFER FRANKLIN PRESCOTT, DR. JORG BUSSE,

Plaintiffs,

versus

Case # 2:09-CV-

ROGER ALEJO; KENNETH M. WILKINSON; JACK N. PETERSON; ROGER DESJARLAIS; LEE COUNTY, FLORIDA; LEE COUNTY VALUE ADJUSTMENT BOARD; LORI L. RUTLAND; STATE OF FLORIDA, BOARD OF TRUSTEES OF THE INTERNAL IMPROVEMENT TRUST FUND; STATE OF FLORIDA, DEPARTMENT OF ENVIRONMENTAL PROTECTION; CHAD LACH; CHARLES "BARRY" STEVENS; REAGAN KATHLEEN RUSSELL; KAREN B. HAWES; ROGER DESJARLAIS; CHARLIE GREEN; BOB JANES; BRIAN BIGELOW; RAY JUDAH; TAMMY HALL; FRANK MANN; UNITED STATES ATTORNEY(S); SEAN P. FLYNN; E. KENNETH STEGEBY; DAVID P. RHODES; A. BRIAN ALBRITTON; CYNTHIA A. PIVACEK; JOHNSON ENGINEERING, INC.; STEVEN CARTA; MIKE SCOTT; HUGH D. HAYES; GERALD D. SIEBENS; STATE OF FLORIDA ATTORNEY GENERAL; WILLIAM M. MARTIN; PETERSON BERNARD; SKIP QUILLEN; TOM GILBERTSON,

Defendants.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

### DEMAND FOR RELIEF FROM EXTRINSIC FRAUD & FRAUD ON THE COURTS,

### AND FROM PUBLIC GOVERNMENTAL CORRUPTION

November 30, 2009

### INDEPENDENT ACTION FOR RELIEF FROM FRAUD ON THE COURTS

### *DE NOVO* EVIDENCE OF PLAINTIFFS' AUTOMATICALLY QUIETED

### RIPARIAN GULF-FRONT STREET AND EASEMENT OWNERSHIP

LEE COUNTY PLAT BOOK 3, PAGE 25 (1912)

**INDEPENDENT ACTION FOR RELIEF FROM EXTRINSIC FRAUD ON COURTS**

***DE NOVO* EVIDENCE OF PLAINTIFFS' AUTOMATICALLY QUIETED**

**RIPARIAN GULF-FRONT STREET AND EASEMENT OWNERSHIP,**

**PARCEL # 12-44-20-01-00015.015A, AND LEE COUNTY FORGERIES**

1. Based on the conclusive *de novo* public record evidence of Plaintiffs' unimpeachable ownership of their riparian Lee County Parcel # 12-44-20-01-00015.015A ["A" for "ACCRETED"] "on the Gulf of Mexico", the Plaintiffs signed and filed this independent legal action for relief from extrinsic fraud, fraud on the Courts, and public corruption.

**NEWLY DISCOVERED EVIDENCE & 11/17/2009 QUASI-JUDICIAL PROCEEDINGS**

2. On 11/17/2009, Defendant Roger Alejo stated under oath that Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A is right next to and bounded by the "Gulf of Mexico" as platted and subdivided pursuant to Lee County Plat Book 3, page 25 (1912). Because Plaintiffs' street lands touch the "Gulf of Mexico", Plaintiffs' Gulf-front Parcel # 12-44-20-01-00015.015A ["A" for "ACCRETED"] is riparian.

3. Plaintiffs' legal actions turned on Plaintiffs' unimpeachable record fee simple ownership and perfected record title to riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" and the facial illegality and illegality of "Lee County's" forgeries such as, e.g.:

   a. Non-existent and unplatted "parcel 12-44-20-01-00000.00A0";

   b. Non-existent and unplatted "parcel 07-44-21-01-00001.0000";

   c. "O.R. 569/875";

   d. Unplatted and fictitious "*park*".

4. "Lee County's" egregious forgeries and fraud schemes on the record were for the illegal purpose of perverting Plaintiffs' Parcel size and/or area of more than 2.6 Acres [depth of

2

more than 2,300.00 ft x 50 ft] into a paltry "135ft x 50ft". The Plaintiff record riparian Parcel owners had alleged and conclusively evidenced that said "Lee County" forgeries were for the unlawful purpose of defrauding and deliberately depriving the Plaintiffs and other Cayo Costa record property owners, who had bought in reference to said 1912 Plat, of their private riparian implied street lands and street easement(s) along the "Gulf of Mexico".

5. Here, the Defendants maliciously corrupted and perverted the construction and interpretation of said 1912 Subdivision Plat of Survey by fraudulently concealing the true legal natural boundary and monument of the "Gulf of Mexico" as platted and publicly recorded in 1912. Here, the Defendants perverted the ever-changing record platted legal Parcel boundary of the "Gulf of Mexico" into a purportedly *fixed* boundary.

6. Pursuant to said 1912 record Subdivision Plat, the natural monument of the "Gulf of Mexico" is the true western record legal boundary of both the

    a.  Prima facie private and undedicated Cayo Costa Subdivision; and

    b.  Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico".

## *DE NOVO* EVIDENCE OF CASE FIXING, BRIBERY, FRAUD, PUBLIC CORRUPTION 11/04/2009 "ORDER" & EXTRINSIC FRAUD BY RICHARD A. LAZZARA [DOC. # 148]

7. On 11/04/2009, objectively partial and corrupt named party Defendant U.S. District Judge Richard A. Lazzara fixed and dismissed Plaintiff unimpeachable record riparian street owners' Complaint, Case # 2:09-CV-602-UA-MAP, Jennifer Franklin Prescott, *et al.* v. Susan H. Black, *et al.*, in exchange for Defendants' bribes. Federal jurisdiction also arises from the set of said record criminal acts and facts.

8. Pursuant to 28 U.S.C. § 455, named party Defendant Richard A. Lazzara was under an absolute recusal obligation in that and other related and/or associated cases, because Lazzara

3

presided over his own prosecution, had an admitted and patently clear interest in the outcome of those cases, and had fabricated and fraudulently pretended a "Lee County" "*resolution*" ["O.R. 569/875"; <u>see</u> Google, You Tube, and other searches of: "O.R. 569/875"], which Lazzara knew and fraudulently concealed

a. <u>Never</u> *legally existed*;

b. Was on its face <u>not</u> any *writing, instrument, muniment of title*, or *conveyance*;

c. Was <u>never</u> *legally recorded*;

d. <u>Never</u> could have *possibly created* or *transferred* any property *interest, estate*, or *title* to Lee County, Florida;

e. <u>Never</u> could have *possibly* been any "*claim*" or "*defense*";

f. <u>Never</u> could have *possibly challenged* or attacked Plaintiffs' unimpeachable marketable record title, which Florida's Marketable Record Title Act had automatically quieted in the beginning of the last century;

g. Lacked on its face any *color, legal description*, Lee County *signatures, execution, seal*, and the names of any identifiable "legislator(s)".

9. Corruptly, Richard A. Lazzara had fraudulently pretended and materially misrepresented that the Plaintiff declared record street and Parcel Owners' claims for relief were

   "patently frivolous, vexatious, and harassing with little or no chance of success".

   <u>See</u> Doc. # 148; p. 1.

10. Here, named party Defendant objectively partial and corrupt U.S. Judge Lazzara materially misrepresented Plaintiffs' fundamental Constitutionally guaranteed unimpeachable record property ownership rights. Plaintiffs' claims of their entitlement to own and exclude government and the public from the riparian "paper" street lands and private riparian street

4

easement "on the Gulf of Mexico" were facially highly meritorious. Here, Florida's self-enforcing Marketable Record Title Act had automatically quieted Plaintiffs' unencumbered and unimpeachable marketable record title to their riparian "paper" street and Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" in the facially riparian undedicated private residential Cayo Costa Subdivision as legally described and platted in reference to the 1912 Plat of Survey in Lee County Plat Book 3, p. 25.

11. On 04/21/2009, the 11th Federal Appellate Circuit had dispositively declared the Plaintiffs the unimpeachable record owners of their riparian Gulf-front street lands and subject Parcel # 12-44-20-01-00015.015A, marketable unencumbered title to which had been automatically quieted by Florida's self-enforcing Marketable Record Title Act:

> **"The [Plaintiffs'-]Appellants' Lot 15A [riparian Gulf-front Parcel 12-44-20-01-00015.015A, Lee County Plat Book 3, p. 25 (1912)] is on the west side of the Cayo Costa Subdivision on the Gulf of Mexico and is adjacent to land that was claimed through resolution 569/875 to create the Cayo Costa State Park."**

See PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631.

12. Here there was reliable and competent *de novo* record evidence that objectively partial and corrupt Lazzara fraudulently concealed the dispositive Declaration of Plaintiffs' unimpeachable and unencumbered record ownership of and record title to said riparian street and Parcel under Florida's self-enforcing Marketable Record Title Act, and in the prima facie absence [non-existence] of any Lee County "*title*" or "*claim*". Even if there would have been [merely *arguendo* and/or hypothetically] a purported "claim", only a Court of law and judgment could have *possibly transferred title* pursuant to Florida's strict *involuntary alienation* and/or *eminent domain* Statutes. Here, Lazzara extended the record "Lee County" *eminent domain* fraud and extortion schemes by fixing Plaintiff unimpeachable riparian Gulf-front street and Parcel owners' Cases in exchange for Defendants' bribes. Named party

5

Defendant Lazzara had <u>no</u> *authority* or *power* whatsoever to fix and/or "*sua sponte dismiss*" Plaintiff record riparian street and Parcel owners' highly meritorious causes of action in exchange for Defendants' bribes.

## RECORD AFFIDAVITS

13. Plaintiff Jorg Busse, M.D., M.B.A., M.M., M.H.R.M., is a State Certified Residential Appraiser, Appraisal Instructor, Licensed Real Estate Broker, and Mortgage Broker, who blew the whistle on said extrinsic fraud, fraud on the Courts, and criminal acts by named party Defendant objectively partial and corrupt U.S. Judge Richard A. Lazzara as evidenced by the Affidavits on the record and in the Lee County Public Records.

14. The Plaintiff declared unimpeachable riparian Gulf-front street and subject Parcel record Owners have been reporting Richard A. Lazzara's extra-judicial crimes, for which Lazzara has <u>no</u> *immunity*, to Federal and Florida law enforcement agencies.

## DECLARATION OF FEDERAL JURISDICTION

15. This Court has jurisdiction over the Defendant Federal agents <u>and</u> under, e.g.:

   a. 28 U.S.C. § 1331;

   b. 42 U.S.C. §§ 1983, 1985, 1988;

   c. 18 U.S.C. §§ 241, 242;

   d. 28 U.S.C. § 455.

16. It also has jurisdiction over

   a. Plaintiffs' state claims for relief after removal of Plaintiffs' state claims by U.S. District Judge John E. Steele [recused] and Magistrate Sheri Polster Chappell [recused];

   b. Plaintiffs' claims for relief arose directly under the

6

    i.   Fourth U.S. Constitutional Amendment [illegal seizure of Plaintiffs' Constitutionally protected vested riparian property and Gulf-front Parcel # 12-44-20-01-00015.015A];

    ii.   First Constitutional Amendment [obstruction of *redress of Governmental grievances*];

    iii.   Fourteenth Constitutional Amendment [deliberate deprivations of due process and equal protection of the laws under forged "Lee County" "O.R. 569/875"; forged "land parcels" "12-44-20-01-00000.00A0" and "07-44-21-01-00001.0000", and the forged "park" fraud scheme ["01" for referenced "plat"; "00001" for a non-existent and unplatted "block"; "00A0" for a non-existent and unplatted "lot"];

    iv.   Seventh Constitutional Amendment [obstruction of right to jury trial];

    v.   Fifth Constitutional Amendment [unlawful confiscation under "Lee County" fraud schemes "O.R. 569/875", forged parcels "12-44-20-01-00000.00A0" and "07-44-21-01-00001.0000", and the facially forged "park" fraud scheme without any due process, equal protection, and just compensation for the evidenced bad faith temporary takings.

17.  This Court has three types of subject matter jurisdiction:

    a.   Federal question jurisdiction pursuant to 28 U.S.C. § 1331;

    b.   Jurisdiction under specific statutory grants, such as, e.g.:

        i.   42 U.S.C. §§ 1983, 1985, 1988;

        ii.   28 U.S.C. § 455;

    c.   Diversity jurisdiction under 28 U.S.C. §§ 1332; and 1332(a).

18.  Jurisdiction also arose from Defendants' criminal acts such as, e.g.,

    a.  Criminal fraud;

    b.  Forgery;

    c.  Deliberate deprivations;

    d.  Obstruction of justice;

    e.  Unlawful sanctions and obstruction of court access;

    f.  Breach of public trust;

    g.  Conspiracy.

19. This Court has jurisdiction over the alleged and proven

    a.  Deliberate deprivations, case fixing, extrinsic fraud, and fraud on the court(s);

    b.  Violations of the separation of powers doctrine and deliberate State of Florida and County deprivations under false pretenses of *involuntary alienation* in the absence of any *eminent domain, adverse possession,* or any other judicial due process and/or proceedings or court judgment;

    c.  Deliberate deprivations by Defendants State of Florida and Lee County, Florida, and its Officials, who defrauded, deliberately deprived, and conspired to defraud the Plaintiff unimpeachable record owners of riparian Lee County Gulf front Parcel # 12-44-20-01-00015.015A. In particular, Defendants defrauded and deliberately deprived the Plaintiff record owners of their

        i.  Platted adjoining riparian Subdivision street lands and street easement "on the Gulf of Mexico";

       ii.  Private implied "paper" street and alley easements all over and across the private undedicated residential Cayo Costa Subdivision as platted in PB 3, PG 25 (1912).

8

20. The Plaintiffs demand relief from public corruption, criminal coercion, threats, fraud, and fraud on the Courts under Defendants'

    a. *Forged boundary* fraud and extortion scheme;

    b. "*Involuntary-alienation-by-fake-claim-O.R. 569/875*" fraud scheme;

    c. "*Frivolity*" fraud and extortion scheme;

       "*Criminal coercion-by-sanctions*" fraud and extortion scheme;

       "*Illegal-seizure-by-scam-O.R. 569/875*" fraud scheme.

21. Plaintiffs' "arbitrary and capricious" due process claim is ripe, and this Court also has jurisdiction pursuant to <u>Eide v. Sarasota County</u>, 908 F.2d 716, 724 n. 13 (11th Cir.1990). <u>See</u> <u>West Peninsular Title Co. v. Palm Beach County</u>, 41 F.3d 1490, 1492 n.4 (11th Cir.), cert. denied, 516 U.S. 932, 116 S. Ct. 338, 133 L. Ed. 2d 237 (1995)

22. The Plaintiffs conclusively evidenced Defendants' fraudulent application of "arbitrary and capricious" actions and fraud schemes. Plaintiff record riparian street owners' claims for relief were ripe for Federal adjudication as soon as the Defendants perverted "Lee County" facial scam "O.R. 569/875" into a "*resolution*" and fraudulently pretended a "*claim*" even though said prima facie forgery <u>never</u> *legally existed* and was without any *legal effect*.

## DEFENDANTS STATE OF FLORIDA,

## FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, AND

## BOARD OF TRUSTEES OF THE INTERNAL IMPROVEMENT TRUST FUND

23. The Plaintiff declared unimpeachable record owners of said platted riparian subject Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" in the private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912) sue the Defendants State of Florida,

9

Department of Environmental Protection, and Board of Trustees of the Internal Improvement Trust Fund, and the State Officials in their private individual and official capacities.

## UNLAWFUL POLICY & CUSTOM OF FRAUD AND DELIBERATE DEPRIVATIONS

24. This suit is also based on said Defendants' and their State Officials' criminal acts of record and said Defendants' policy and custom of deliberately depriving and defrauding the Plaintiff record owners under false and fraudulent pretenses of purported *governmental ownership* in the prima facie absence of any *government title* to, e.g.:

    a. Plaintiffs' private implied "paper" street and alley easements across the private undedicated residential Cayo Costa Subdivision, Plat Book 3, page 25 (1912), in Lee County, Florida;

    b. Plaintiffs' private adjoining riparian "paper" street lands and easement "on the Gulf of Mexico", Parcel # 12-44-20-01-00015.015A ["A" for "ACCRETED"], PB 3, PG 25.

## PUBLIC CORRUPTION

25. Said Defendants perverted and materially misrepresented the conclusive public record evidence with the intent to give advantage to the State of Florida, Lee County, Florida, and Governmental Officials inconsistent with their official and fiduciary duties and the rights of the Plaintiff unimpeachable riparian street and subject Parcel Owners. Here at Plaintiffs' expense and injury, said Defendants fraudulently procured rights for the State, "Lee County", and Officials contrary to Plaintiffs' Constitutionally protected right to own and exclude Government(s) and the public from their private undedicated riparian Gulf-front street and subject Parcel.

26. Here, said Defendants and the other corrupt Governmental Officials fraudulently concealed and conspired to conceal that the "Lee County" forgeries could not have *possibly* put a

10

"*cloud*" on Plaintiffs' unimpeachable and unencumbered marketable record title to their riparian Gulf-front street and subject Parcel pursuant to Florida's self-enforcing Marketable Record Title Act.

27. Plaintiffs' unimpeachable marketable record title in reference to said 1912 Plat showed not only the intent to convey the property as platted, but also an intention to convey all property and all interest that the Grantor, A. C. Roesch, had in any of the streets and alleys included in said 1912 Plat referred to, PB 3, PG 25, pursuant to the record Federal Land Patent root title in the Lee County Grantor/Grantee Index and U.S. Index. This necessarily included the conveyance of any and all streets and alleys. There is nowhere any language that shows any intent on the part of the Grantor to reserve any land. Here, the conveyance was made according to a Plat and conveyed all interest in the platted streets and alleys. Here, Plaintiffs' unimpeachable record conveyance gave their conveyed riparian Gulf-front street land the natural water boundary of the "Gulf of Mexico" [as admitted on 11/17/2009 by Defendant Alejo under oath] and consequent unimpeachable record riparian rights. Here, the Plaintiffs are unimpeachable record riparian owners, just like the Grantor, A. C. Roesch, with all rights and privileges thereto attached.

28. The 3 (three) publicly recorded plats of the facially riparian undedicated private residential Cayo Costa Subdivision, Lee County Plat Book 1, pages 48, 51, 52, which preceded the 1912 Plat, had conclusively proven the equal riparian rights of the Plaintiff Grantees, who are successors-in-title to Grantor A. C. Roesch. Here, the Plaintiff Grantees had the very same and equal conveyed riparian rights of Grantor A. C. Roesch, which included the publicly recorded right to receive accretions onto Plaintiffs' Gulf-front street.

29. Here, A. C. Roesch had received <u>all</u> of the riparian Gulf-front subject Parcel # 12-44-20-01-00015.<u>015A</u> by process of ACCRETIONS, hence the "<u>A</u>" in "015<u>A</u>" for "<u>ACCRETIONS</u>", and the Plaintiff Grantees had the equal record riparian rights of A. C. Roesch.

30. The judicial determination of record Cayo Costa riparian ownership had also been made in <u>JOHN LAY AND JANET LAY v. STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION</u>, OGC CASE NOs. 01-0203, 01-0204, DOAH CASE NOs. 01-1541, 01-1542, CASE NOs. DEP01-0860, DEP01-0876, and the Federal Courts must give full faith and credit to said ruling of record Cayo Costa riparian ownership with all appurtenant and vested riparian rights.

31. Said corrupt Defendants knew and/or fraudulently concealed that

**"title to the lot owners extends to the outer limit of the street [Gulf of Mexico]."**

Here, the "*outer limit of the street*" was the platted natural boundary and monument of the "Gulf of Mexico", PB 3, PG 25 (1912). As admitted on 11/17/2009 under oath by Defendant Roger Alejo, Lee County Appraiser/Agricultural Specialist, Plaintiffs' riparian street extended to the ordinary high water mark of the "Gulf of Mexico". <u>See</u> Transcript of 11/17/2009 Value Adjustment Board Hearing. <u>See</u> also public recording on You Tube, Google Video, AOL Video, etc. Therefore here, the record depth of Plaintiffs' subject Parcel increased from 190 feet [130 ft (riparian upland) + 60 ft (riparian Gulf front street)] at the time of the Subdivision platting in 1912, PB 3, PG 25, to more than 2,300 ft in 2008. Here, the Defendants knew that Defendant Roger Alejo had perjured himself when Alejo fraudulently and falsely pretended a purported depth of "*135 ft*". Here, the Defendants knew that the depth of Plaintiffs' riparian Gulf-front street alone was more than 2, 180 feet, and

12

that "*135 ft*" could not have *possibly* reached "*the outer limit of the street*", i.e., the shoreline of the "Gulf of Mexico".

Plaintiffs' unimpeachable record ownership of the accretion to the street was patently clear. As stated by Florida Attorney William L. Stewart, Stewart Keyes, in a 05/14/1997 letter on record:

> **"You have asked me about the ownership of the accretion to the area between Lots 2 and 3, Block 14, Second Revised Plat of Cayo Costa Subdivision and the Gulf of Mexico. The Plat of this subdivision does not have any *dedication* of easements for any purpose. It divides the property into numbered blocks with spaces between, which are obviously intended to be roads."**

> **"Our Supreme Court has repeatedly held that when a lot on a subdivision plat borders on a street, each lot owner owns to the street, and when the street is on the border of the subdivider's property, title to the lot owners extends to the outer limit of the street. In the case of <u>Caples v. Taliaferro</u>, 197 So.861 the Supreme Court said:**

>> **'There are also authorities holding that when a street of highway is laid out wholly on the margin of a grantor's land, a conveyance of the lands abutting such street or highway carried the fee to the entire width of such street or highway...'"**

> **"There now appears to be considerable accretion to this street bordering these lots. Since title to the land under the street belongs to you the accretion belongs to you. In the case of <u>Mexico Beach Corporation v. St. Joe Paper Corporation</u>, 97 So.2d 708, the Court said:**
>> **'The common-law rule which vests title to soil formed along navigable waters by accretion or reliction in owners of abutting land is in force in Florida.'"**

32. Here, unimpeachable record title to the land under Plaintiffs' adjoining riparian Gulf-front street and the "considerable accretions thereto" belonged to the Plaintiffs as dispositively declared by the U.S. Court of Appeals for the 11th Circuit on 04/21/2009:

> **"The [Plaintiffs'-]Appellants' Lot 15A [riparian Gulf-front Parcel 12-44-20-01-00015.015A, Lee County Plat Book 3, p. 25 (1912)] is on the west side of the Cayo Costa Subdivision <u>on the Gulf of Mexico</u> and is <u>adjacent to</u> land that was claimed through resolution 569/875 to create the Cayo Costa State Park."**

13

See PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631. Here, said U.S. Court of Appeals followed Murrell v. United States, 269 F.2d 458 (5th Cir.1959) and West Peninsular Title Co. v. Palm Beach County, 41 F.3d 1490, 1492 n.4 (11th Cir.), cert. denied, 516 U.S. 932, 116 S. Ct. 338, 133 L. Ed. 2d 237 (1995), in which the 11th Circuit relied on said Florida Supreme Court ruling.

33. Here, the Plaintiffs were entitled to summary judgment in favor of Plaintiff unimpeachable record riparian street owners, because there was no *genuine issue of material fact*. Florida's self-enforcing Marketable Record Title Act had automatically quieted Plaintiffs' unencumbered and unimpeachable marketable record title to Plaintiffs' riparian street and subject Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico".

34. Here, named party Defendant objectively partial and corrupt U.S. Judge Richard A. Lazzara perpetrated extrinsic fraud and fraud on the Courts when he fraudulently pretended "*frivolity*", fixed Plaintiffs' Cases, and kept the *pro se* Plaintiffs away from the Court(s) in exchange for Defendants' bribes. Under public policy, Richard A. Lazzara has no *immunity* for his crimes, and the Plaintiffs are entitled to relief from Lazzara's fraudulent Judgments in the related and/or associated Cases.

35. Here in particular, Defendant corrupt Judge Lazzara fraudulently concealed that the Supreme Cout held that if the subdivider's offer to dedicate land for street purposes, as evidenced by his plat, was never *accepted* or if such offer to *dedicate* was *accepted* and lawfully surrendered, the holder of title to property abutting such tract so offered for *dedication* held title to the middle of the street, as shown by the plat, relieved of the easement so far as the public was concerned. There are also authorities holding that when a street or highway is laid out wholly on the margin of a grantor's land, a conveyance of the lands abutting such street

14

or highway carries the fee to the entire width of such street or highway unless expressly reserved.

36. Rather than *answer intelligently* and *with integrity*, Lazzara criminally corrupted the judical process, real property, and Constitutional law. In particular, Lazzara perverted Florida Supreme Court jurisprudence such as, e.g., <u>Burns v. McDanial</u>, 104 Fla. 526, 140 So. 314. Lazzara's depravity is a disgrace and undermines public policy of stability of title to real property. Lazzara is to be impeached for his crimes and corruption. Here, Plaintiff marketable record title holders and owners of the entire width of their riparian Gulf-front street could <u>not</u> have *possibly* been "*frivolous*" and/or "*vexatious*" when they vindicated their fundamental Constitutional rights to own their riparian street property against the criminal acts by corrupt Governmental Officials such as, e.g., Richard A. Lazzara.

## FRAUDULENT CONCEALMENT

37. Based on the newly discovered 11/17/2009 testimony and Lee County Value Adjustment Board [V.A.B.] Hearing and other record evidence, Defendants State of Florida knew, fraudulently concealed, and conspired with other Officials to conceal the Western [seawards] "Gulf of Mexico" natural boundary and monument of Plaintiffs' riparian Gulf-front subject Parcel # 12-44-20-01-00015.015A, which controlled Plaintiffs' record conveyance. <u>See</u> platted triple tidal meander line(s), Plat Book 3, Page 25; and Surveys on record. Said Defendants concealed that the Plaintiff declared riparian record owners held automatically quieted and perfected record title to, e.g.:

a. Plaintiffs' private implied "paper" street and alley easements across the private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912);

15

b.  Plaintiffs' private adjoining riparian street lands and easement "on the Gulf of Mexico",

Parcel # 12-44-20-01-00015.015A ["A" for "ACCRETED"]. Plat Book 3, p. 25.

## FRAUDULENT CONCEALMENT OF PRIVATE STREET & ALLEY EASEMENTS, LEE COUNTY PLAT BOOK 3, PAGE 25 (1912); WWW.LEECLERK.ORG

38. Defendants State of Florida knew and/or fraudulently concealed that

> **"The plat for Cayo Costa Subdivision [Lee County  Plat Book 3, p. 25 (1912)] indicates a 60-foot wide roadway easement."**
> **"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The recorded plat designates roadways throughout the subdivision; however, there is <u>no</u> _dedication_ of the roads _to the public_ indicated on the plat."**

<u>See</u> 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

<u>see</u> **www.LeeClerk.org**; PB 3, PG 25 (1912).

39. Here, in the known and publicly recorded prima facie <u>absence</u> of any _dedication_ of the

private platted "paper" street and alley easements, PB 3, PG 25 (1912), _to the public_, said

Defendants and their Officials knew that Lee County, Florida, could <u>not</u> have _possibly_ been

the _owner_ of Plaintiffs'

a.  Record private Subdivision street and alley easements as conveyed by implied covenant;

b.  Record private adjoining riparian street lands and street easement along the natural

boundary of the "Gulf of Mexico", which were conveyed as an integral part of Plaintiffs'

riparian subject Parcel # 12-44-20-01-00015.015A, PB 3, PG 25.

## OBSTRUCTION OF JUSTICE AND REAL PROPERTY & CONSTITUTIONAL LAW

40. On 04/21/2009, the 11th Federal Appellate Circuit had dispositively declared the Plaintiffs the

unimpeachable record owners of their riparian Gulf-front subject Parcel # 12-44-20-01-

00015.015A, marketable unencumbered title to which had been automatically quieted by

Florida's self-enforcing Marketable Record Title Act:

16

> **"The [Plaintiffs'-]Appellants' Lot 15A [riparian Gulf-front Parcel 12-44-20-01-00015.015A, Lee County Plat Book 3, p. 25 (1912)] is on the west side of the Cayo Costa Subdivision on the Gulf of Mexico and is adjacent to land that was claimed through resolution 569/875 to create the Cayo Costa State Park."**

See PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631.

Here, said Defendants fraudulently concealed that the "Cayo Costa State Park" is "adjacent to" and entirely North of the private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912). No "*park*" exists in the facially undedicated private Cayo Costa Subdivision pursuant to said 1912 Subdivision Plat of Survey.

41. In "Defendants' Response to Plaintiff(s)' Request for Admissions", # 2, dated 03/31/2008, Lee County Circuit Court, Case # 06-CA-003185, Defendants State of Florida:

> "ADMITTED that Plaintiff owns Lot 15A according to the Cayo Costa Subdivision Plat Map, but DENIED that Lot 15A is riparian, Gulf front, or that it abuts the navigable waters of the Gulf of Mexico."

See Request for Admissions # 2.

> "Plaintiff(s) own(s) vacant riparian Gulf front lot 15A, Lee County Plat Book 3, Page 25, Cayo Costa Subdivision, S.T.R.A.P. # 12-44-20-01-00015.015A, which abuts the navigable waters of the Gulf of Mexico." See Request for Admissions # 2.

Here, said Defendants' DENIAL was a deliberately false statement, because Plaintiffs' riparian Gulf-front Parcel # 12-44-20-01-00015.015A abuts and touches the navigable waters of the "Gulf of Mexico", PB 3, PG 25 (1912). Here, Defendants State of Florida perverted the truth and obstructed justice.

42. On its face, Defendants' DENIAL was obstructive and fraudulent and controverted by said 04/21/2009 dispositive Declaration by the U.S. Court of Appeals:

> **"The [Plaintiffs'-]Appellants' Lot 15A [riparian Gulf-front Parcel 12-44-20-01-00015.015A, Lee County Plat Book 3, p. 25 (1912)] is on the west side of the Cayo Costa Subdivision on the Gulf of Mexico and is adjacent to land that was claimed through resolution 569/875 to create the Cayo Costa State Park."**

17

See PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631.

43. In "Defendants' Response to Plaintiff(s)' Request for Admissions", # 3, dated 03/31/2008,

Lee County Circuit Court, Case # 06-CA-003185, the Defendants:

> "ADMITTED that no signatures appear on the face of Lee County Public Record O.R.
> 569/875, but otherwise DENIED."

See Request for Admissions # 3:

> "Unsealed O.R. 569/875 was not signed, authorized, acknowledged, or adopted."

Here, Defendants' DENIAL was a deliberately false statement, because "unsealed prima

facie fake "claim" and scam "O.R. 569/875" was not authorized or adopted by any

"legislator". No "legislator" could be identified on said counterfeit "claim", and Lee County

never asserted any "claim". "O.R. 569/875" lacked any legal description and color. The

Defendants fraudulently and deceptively concealed that no legislation and/or resolution

could possibly involuntarily divest anyone or any property owner of his property. Here,

Defendants State of Florida perverted the truth and obstructed justice.

44. In "Defendants' Response to Plaintiff(s)' Request for Admissions", # 1, dated 03/31/2008,

Lee County Circuit Court, Case # 06-CA-003185, said Defendants stated:

> "Objection, request for admission # 1 is vague and ambiguous as it does not provide a
> sufficient description of the private vacant land(s) and accretion(s)."

See Request for Admissions # 1:

> "Lee County does not hold title to nor own the private vacant land(s) and accretion(s)
> claimed in Lee County Official Record (O.R.) 569/875."

Here, said Defendants in effect ADMITTED that fraudulent "Lee County" "claim" and scam

"O.R. 569/875" did not

> "provide a sufficient description of the private vacant land(s) and accretion(s)."

18

Because "Lee County" fraud scheme "O.R. 569/875" admittedly lacked any *signatures* and *execution* by any Lee County legislator as well as any *legal description*, it was colorless. In particular, said scam "O.R. 569/875" did <u>not</u> provide any *platted legal description* in reference to Plat Book 3, p. 25 (1912). Here, Defendants State of Florida perverted the truth and obstructed justice.

## **CONSPIRACY**

45. Said Defendants knew, concealed, and conspired with other Government Officials to conceal that

   a.  Plaintiffs had fundamental Federal and Florida Constitutional rights to own and exclude government and the public from their adjoining riparian "paper" street lands and private street easement as legally described and platted in 1912, PB 3, PG 25;

   b.  Plaintiffs had fundamental Federal and Florida Constitutional rights to own and defend their Constitutionally protected property against arbitrary and capricious governmental attacks and false *ownership* claims, which are totally unrecognized by the law;

   c.  Plaintiffs had fundamental Federal and Florida Constitutional rights to redress their governmental grievances <u>without</u> oppression and abuse, and in particular, without being criminally coerced to refrain from prosecution under fraudulent pretenses of, e.g., "*frivolity*" and "*lack of jurisdiction*" over Plaintiffs' conclusively evidenced legal causes of action of deliberate deprivations and fraud;

   d.  Plaintiffs' unimpeachable marketable record title to their adjoining riparian "paper" street lands "on the Gulf of Mexico" runs with Plaintiffs' paramount title to their riparian upland, Parcel # 12-44-20-01-00015.015A;

19

e. Florida's self-enforcing Marketable Record Title Act had automatically quieted Plaintiffs' perfected marketable title to their abutting riparian "paper" street lands and private street easement on the Gulf of Mexico";

f. *Involuntary alienation* of Plaintiffs' adjoining riparian "paper" street lands had never *occurred* and was factually and legally impossible under the express prohibitions of Florida's Constitution and Statutes; see Florida's *eminent domain* and *adverse possession* Statutes;

g. The extent of Plaintiffs' unimpeachable record conveyance of Parcel # 12-44-20-01-00015.015A in reference to said 1912 record Subdivision Plat, PB 3, PG 25, was controlled by the natural boundary and monument of the "Gulf of Mexico";

h. "Lee County" forged *ownership* and/or *title* "claims" were never any *genuine issue of material fact*, but prima facie illegal fraud and extortion schemes;

i. Defendants' perversions and unlawful "challenges" of the record extent of Plaintiffs' unimpeachable record grant of riparian Gulf-front Parcel # 12-44-20-01-00015.015A were never any *genuine issue of material fact*, because the lawful construction and interpretation of said 1912 Plat, record platted legal description [Gulf-front Parcel # 12-44-20-01-00015.015A], and record legal boundaries of Plaintiffs' riparian subject Parcel "on the Gulf of Mexico" were patently clear.

## **MALICIOUS MATERIAL MISREPRESENTATION OF RECORD TITLE(S)**

46. In particular, said Defendants materially misrepresented and/or fraudulently concealed the true record depth of Plaintiffs' riparian street and their accretions thereto along the "Gulf of Mexico" in 2008:

a. Along Northern Parcel boundary: "2,161.48 feet";

20

b.  Along Southern Parcel boundary: "2,201.14 feet";

Here, the average depth of Plaintiffs' riparian street and accretions thereto was 2,181 feet. See "Accreted Lands" depicted in Surveys on record; see also Plaintiff(s)' Affidavits in the public records of Lee County, Florida.

47. Here, the record depth of Plaintiffs' private riparian street easement and adjoining Gulf-front street lands in 2008 was 2,181 feet; and the record depth of Plaintiffs' riparian Gulf-front Parcel # 12-44-20-01-00015.015A was 2,311 feet [2,181 ft + 130ft = 2,311 ft].

48. The record width of Plaintiffs' riparian street lands, which the Plaintiffs own fee simple was 50 feet; and the record width of Plaintiff's riparian upland was 50 feet.

49. Said Defendants concealed and conspired with other Officials to conceal the 2008 total record area and/or size of Plaintiff record owners' riparian Gulf-front Parcel # 12-44-20-01-00015.015A of 2.6 plus Acres: 2,311 ft x 50 ft = 115,550 sq. ft or more than 2.6 Acres. Here, the 2008 record area of Plaintiffs' riparian adjoining Gulf-front street lands was 2.5 Acres, and the 2008 record area and/or size of Plaintiffs' riparian upland was only 0.15 Acres [6,500 sq. ft / 43,560 sq. ft].

50. Here therefore, the Defendants knew, concealed, and conspired to conceal that Plaintiffs' riparian upland area was less than 6 (six) per cent of Plaintiffs' total Parcel area. Plaintiffs' riparian street lands "on the Gulf of Mexico" were more than ninety-four (94) per cent of the total area of Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A, which admittedly touches and/or abuts the "Gulf of Mexico". See Transcript of 11/17/2009 Lee County VAB Proceedings.

## BREACH OF PUBLIC TRUST

51. Determination of the platted boundary of the "Gulf of Mexico", PB 3, PG 25 (1912) is a simple non-discretionary act. In "Defendants', Board of Trustees, Response to Plaintiff(s)' Request for Admissions", dated 09/18/2008, Defendants' Attorney Reagan K. Russell fraudulently pretended:

> "The Trustees ADMIT request number 5 to the extent that Plaintiff can exclude the public from Lot 15A (dimensions according to the Second Revised Plat of Cayo Costa of 50 feet x 130 feet), but DENIED that Plaintiff can exclude anyone, including the general public, from the disputed property (defined as land between the westerly projected lot lines of Plaintiff's Lot 15A to the Gulf of Mexico), which is the subject of this litigation." See Defendants' said "Response", p. 2, ¶ 5.

52. Here arbitrarily and capriciously, said governmental Defendants perverted the public title and ownership record and Lee County Grantor/Grantee Index for the unlawful purpose of deliberately depriving and defrauding the Plaintiff unimpeachable record owners of their adjoining riparian "paper" street lands and private street easement along the navigable waters of the "Gulf of Mexico", PB 3, PG 25 (1912), in the prima facie absence of any *governmental title* whatsoever.

53. The Defendants knew that the extent of Plaintiffs' record conveyance of riparian Gulf-front Lot 15A, Parcel # 12-44-20-01-00015.015A, is <u>not</u> what the Defendants fraudulently desire to pervert it into, but what the publicly recorded legal description in reference to said integral 1912 Subdivision Plat, PB 3, PG 25, determined the extent of Plaintiffs' unimpeachable and unencumbered record grant to be.

54. Here, said Defendants breached the public trust, because the Plaintiff unimpeachable record fee simple owners of the platted adjoining riparian "paper" street and accretions thereto along the "Gulf of Mexico" had fundamental Constitutional rights to exclude the government and "general public".

22

## CIVIL AND CRIMINAL FRAUD

55. Said Defendants fraudulently pretended and materially misrepresented that

    a. The Plaintiffs allegedly did *not own* their riparian street lands and private street easements "on the Gulf of Mexico", which was a reckless perversion and misconstruction of Plaintiffs' conveyance in reference to said 1912 Plat;

    b. Plaintiffs' riparian 2.6 plus Acres Parcel # 12-44-20-01-00015.015A ["A" for "ACCRETED"] "on the Gulf of Mexico" had

        i. A depth of only "*135 or 130 feet*" [rather than the true more than 2.300 feet to the natural "Gulf of Mexico" monument and boundary];

        ii. An area of only 6,750 square feet or approx. 0.15 Acres [rather than the true more than 2.6 plus Acres];

        iii. Plaintiffs' adjoining riparian street lands and private street easement were purportedly "*owned*" by "Lee County" in the prima facie <u>absence</u> of any "Lee County" *title* to Plaintiffs' platted record "paper" street and accretions thereto, which abut and/or touch the "Gulf of Mexico".

56. Here, said Defendants' fraudulent concealment of the true platted record natural Parcel and Subdivision boundary of the "Gulf of Mexico" defrauded the Plaintiff unimpeachable record owners of, e.g.:

    a. More than 94 [ninety four] % of their Constitutionally protected riparian street lands and/or Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico";

    b. Plaintiffs' private and unencumbered street and alley easements across said admittedly private undedicated residential Subdivision. PB 3, PG 25 (1912).

## SEIZURE & DESTRUCTION OF PROPERTY IN VIOLATION OF 4TH AMENDMENT

57. Defendants State of Florida and/or its Officials seized Plaintiffs' real and personal Cayo Costa property in violation of the 4th, 14th, and 5th U.S. Constitutional Amendments and the Florida Constitution. The platted street and alley easements shown on said 1912 record Plat of the facially undedicated private residential Cayo Costa Subdivision, PB 3, P 25 (1912) are *exclusively* for the *private* use and benefit of the record owners of the parcels *platted* and *subdivided* in 1912 by A. C. Roesch. In the prima facie absence of any reversionary rights, A. C. Roesch's successors-in-interest-and-record-title can exclude the public and government from said private street and alley easements.

58. Unless the government(s) acquire(s) any and all Subdivision parcels, the platted easements will forever remain private.

59. The Defendants destroyed and conspired to destroy Plaintiffs' Constitutionally protected property and substantial fencing for the unlawful purpose of threatening them and coercing them to refrain from prosecuting the corrupt Governmental Officials.

## FRAUDULENT CONCEALMENT OF ERRONEOUS SURVEY AND CONSPIRACY
## MATERIAL MISREPRESENTATION ON RECORD STATE SURVEY

60. Said Defendants knew that Defendants Johnson Engineering, Inc., Civil Engineers – Land Surveyors, materially misrepresented the "RANGE 20 EAST/RANGE 21 EAST" longitudinal line. In Johnson Engineering's fundamentally erroneous Survey (1983), said discontinuous and deceptive "RANGE 20 EAST/RANGE 21 EAST" longitudinal line "jumped" arbitrarily eastwards by more than 300 feet [see latitudinal line: "N° 89 41' 10"E"]. Said Defendants concealed that discontinuous and/or "jumping" range lines are facially erroneous and deceptive.

24

## FALSE PRETENSES OF FORGED *"CLAIM"* ON STATE SURVEY

61. Defendants State of Florida concealed that said Defendant Surveyors fraudulently pretended and materially misrepresented that Plaintiffs' riparian Gulf-front street lands and street easement were

"*claimed*" by Lee County, O.R. 569/875".

Defendants State and Surveyors knew that on its face, sham paper and scam "O.R. 569/875"

a.  Was <u>not</u> any *writing, instrument,* or *"claim"*;

b.  Was null and void and without any *legal effect.*

## FRAUDULENT CONCEALMENT OF CRIMINALITY AND ILLEGALIT OF *"CLAIM"*

62. Defendants State and Surveyors [Johnson Engineering. Inc.] knew, fraudulently concealed, and conspired with Governmental Officials to conceal that

a.  Lee County <u>never</u> *asserted* any *"claim"*;

b.  The fraudulently pretended and forged *"claim"* of uncertain and *"unidentified"* "lands" lacked any *legal description*, Lee County *signatures*, and *execution*;

c.  "O.R. 569/875" <u>never</u> *created* and/or *transferred* any *title, interest,* and/or *estate* to Lee County, Florida;

d.  Lee County <u>never</u> had any *authority* to *"claim"* the private riparian street and accretions thereto, which are bounded and touch the ordinary high water mark of the "Gulf of Mexico";

e.  <u>No</u> *involuntary alienation* ever occurred;

f.  <u>No</u> *legislator* ever *signed* or *executed* the fraudulently pretended *"claim"*;

g.  "O.R. 569/875" and/or the fake *"claim"* <u>never</u> *legally existed* and was <u>never</u> *legally recorded*;

25

h. No *title, interest,* and/or *estate* ever *transferred* to Lee County, FL, by virtue of facial forgery "O.R. 569/875" or otherwise;

i. Florida's self-enforcing Marketable Record Title Act had automatically quieted Plaintiffs' unimpeachable and unencumbered record riparian street and subject Parcel title.

## FRAUD

63. In the prima facie absence of any *title transfer* to Lee County, said Defendants deliberately deprived and defrauded the Plaintiff unimpeachable record riparian street and subject Parcel Owners. Here, Defendants State and Johnson Engineering, Inc., extended said "Lee County" facial forgeries and fraud schemes in the known prima facie absence of any *instrument, muniment of title,* or *grant* to Lee County.

## CONSPIRACY

64. Said Defendants State and Johnson Engineering, Inc., conspired with Governmental Officials to defraud and deliberately deprive the record landowners of the Cayo Costa Subdivision land parcels as subdivided in 1912 by A. C. Roesch and as legally described in reference of said 1912 Plat of their Constitutionally protected riparian rights, riparian Gulf-front street lands and street easement, and the street and alley easements throughout said facially riparian private undedicated residential Subdivision, PB 3, PG 25.

## DEFENDANT CHARLES "BARRY" STEVENS

65. The Plaintiff declared unimpeachable record owners of said platted riparian subject Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" sue Defendant Charles "Barry" Stevens in his private individual and official capacity [Assistant Park Manager: State of Florida].

26

66. This suit is also based on Defendant Charles "Barry" Stevens' criminal acts of record, which include, e.g., official policy to defraud, deliberate deprivations, material misrepresentation, trespass, arson, and the destruction of Plaintiffs' substantial property fencing and Cayo Costa property under false and fraudulent pretenses that Plaintiffs' private real property and/or riparian street lands "on the Gulf of Mexico" are a purported "*park*" and/or forged and non-existent "parcel 12-44-20-01-00000.00A0". Defendant Stevens knew that said fictitious "parcel" was never *subdivided* or *platted* by original Owner A. C. Roesch in 1912, PB 3, PG 25; and that the forged and un-platted "*park*" does not *legally exist* in the facially private undedicated residential Cayo Costa Subdivision.

## FRAUDULENT CONCEALMENT

67. Defendant Charles B. Stevens knew and/or fraudulently concealed that

> "The plat for Cayo Costa Subdivision [Lee County  Plat Book 3, p. 25 (1912)] indicates a 60-foot wide roadway easement."
> **"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The recorded plat designates roadways throughout the subdivision; however, there is no *dedication* of the roads *to the public* indicated on the plat."**

See 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

see **www.LeeClerk.org**; PB 3, PG 25 (1912).

68. Here, in the known and publicly recorded prima facie absence of any *dedication* of the private platted "paper" street and alley easements, PB 3, PG 25 (1912), *to the public*, said Defendant Stevens and the other Governmental Officials knew that Lee County, Florida, could not have *possibly* been the *owner* of Plaintiffs'

a.  Record private Subdivision street and alley easements as conveyed by implied covenant;

27

b. Record private adjoining riparian street lands and street easement along the natural boundary of the "Gulf of Mexico", which were conveyed as an integral part of Plaintiffs' riparian subject Parcel # 12-44-20-01-00015.015A, PB 3, PG 25.

## PERJURY

69. On 06/06/2008 and 06/25/2008, while under oath, Defendant Charles B. Stevens materially misrepresented the

a. True record legal boundaries [e.g., Western natural boundary of "Gulf of Mexico"];

b. True depth [2,300 plus ft in 2008] of;

c. True record area and/or size [2.6 plus Acres in 2008] of;

d. True fundamental property characteristics of

Plaintiffs' riparian Gulf-front subject Parcel # 12-44-20-01-00015.015A for the unlawful purpose of, e.g., deliberately depriving and defrauding the Plaintiffs:

> "4. The map, attached as ATTACHMENT 7, is an overlay depicting the GPS coordinates of each metal pole, the orange fencing material blocking the main north-south trail, and the post with a no trespassing sign. All were erected by Jorg Busse. In addition, the map locates the nearby sea turtle nesting sign and the red rectangle depicts Mr. Busse's lot 15A [riparian Gulf-front Parcel # 12-44-20-01-00015.015A, PB 3, PG 25 (1912)."
> "6. I declare under penalty of perjury that the foregoing is true and correct."

See "Affidavit of Charles B. Stevens", dated 06/25/2009; "Exhibit B"; as attached to "Defendants' Motion for Temporary Injunction", dated 08/29/2008, and filed in the Lee County Circuit Court, Case # 06-CA-003185.

> "8. The foregoing statements are within my personal knowledge, and if sworn as a witness, I can testify competently thereto."

See "Affidavit of Charles B. Stevens", dated 06/06/2009; "Exhibit A"; as attached to "Defendants' Motion for Temporary Injunction", dated 08/29/2008, and filed in the Lee County Circuit Court, Case # 06-CA-003185. See State Court Docket on file.

70. Defendant Stevens' "ATTACHMENT 7" materially misrepresented the unimpeachable record legal boundaries and record area of Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A, which is bounded by the "Gulf of Mexico", Plat Book 3, p. 25 (1912).

71. Pursuant to said Affidavit, "Exhibit B", Defendant Charles B. Stevens is "employed by the Florida Division of Recreation and Parks as Assistant Park Manager at Cayo Costa State Park", and not any known authorized "real estate professional", attorney, and/or surveyor. Here, Defendant Stevens has been utterly unqualified and unlicensed to determine legal record boundaries and/or record parcel areas on the ground, and/or "map", "plat", or place monuments and/or boundaries on the soil. Here, Defendant Stevens was without competent and reliable personal professional knowledge and facially fabricated boundaries and areas to deliberately deprive and defraud the Plaintiff declared unimpeachable record owners of riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" as platted and legally described in reference to said 1912 Plat, PB 3, PG 25. Here, Defendant C. B. Stevens engaged in acts and instances of deliberately making false statements while under oath. Here, Defendant Stevens' false June 6 and 25, 2008 swearing(s) were a crime.

## CONSPIRACY

72. Defendant Charles B. Stevens knew, fraudulently concealed, and conspired with other Officials to conceal that Defendant Kenneth M. Wilkinson

   a.  Forged unplatted "parcel 12-44-20-01-00000.00A0";

   b.  Forged unplatted "parcel 07-44-21-01-00001.0000";

   c.  Forged an unplatted and fictitious "*park*",

<u>none</u> of which had ever *legally existed*. Here knowingly, Defendant Stevens materially misrepresented and conspired to misrepresent said forgeries and deceptive publications and statements by, e.g., Defendants Kenneth M. Wilkinson and Reagan K. Russell.

"ATTACHMENT 7" as referenced in Def. Stevens' Affidavit(s) stated in its top margin:

"Property Appraiser Parcel Lines-Cayo Costa Vicinity    C:\GIS\ArcPadTransfer\Cayo Costa June 2008.mxd"

73. Defendant Stevens knew that he had <u>no</u> *personal knowledge* and conspired with other Officials to perjure himself. Here, it was Defendant "Property Appraiser's" purported "(personal) knowledge" and <u>not</u> Stevens'. In particular, Stevens knew, fraudulently concealed, and conspired to conceal that any and all Western Subdivision areas, which are bounded by the "Gulf of Mexico" on the West side of the private undedicated residential Cayo Costa Subdivision and extend to the most Eastern riparian Cayo Costa upland parcels as platted in 1912 such as, e.g., the subject Parcel, are privately owned riparian "paper" street lands. Record title to said private "paper" street lands and accretions thereto runs with the riparian upland title.

74. The record owners of the platted Subdivision land parcels adjoining said riparian Gulf-front "paper" street and private street easement along the "Gulf of Mexico" hold perfected unimpeachable record title to said riparian "paper" street and accretions thereto under Florida's self-enforcing Marketable Record Title Act. In particular, the Plaintiff declared unimpeachable record owners of riparian Gulf-front Parcel # 12-44-20-01-00015.015A hold automatically quieted paramount record title to the entire width of their riparian adjoining "paper" street lands and the private riparian street easement along the shoreline of the "Gulf of Mexico", PB 3, PG 25 (1912).

30

75. Here, Defendant Stevens fraudulently concealed that the State of Florida has (only) the very <u>same</u> rights as any other Subdivision land parcel owner. In particular, Defendant Stevens concealed his and the public's unlawful trespass onto Plaintiffs' private riparian "paper" street lands, Parcel # 12-44-20-01-00015.015A, and the private "paper" street and alley easements across the prima facie undedicated private Cayo Costa Subdivision, PB 3, PG 25 (1912).

76. Here, the Plaintiff unimpeachable record owners had multiple conversations with Defendant Stevens, and Chad Lach, in which they advised Defendants Stevens and Lach of

   a. Facially forged and unplatted "parcel 12-44-20-01-00000.00A0";

   b. Facially forged and unplatted "parcel 07-44-21-01-00001.0000"; and the

   c. Facially forged and unplatted purported "*park*";

   d. Plaintiffs' unimpeachable record ownership of riparian 2.6 Acres plus Parcel # 12-44-20-01-00015.015A, which is "forever" bounded by and touches the "Gulf of Mexico" as platted and legally described in reference to said 1912 record Subdivision Plat of Survey;

   e. Unlawful trespass by "park rangers" and the public onto the private Cayo Costa Subdivision lands and private street and alley easements;

   f. Unlawful arson and/or open "camp" fires within the private undedicated residential Cayo Costa Subdivision.

## TRESPASS

77. Defendant Charles B. Stevens knew that the alleged "*campground*" depicted in "ATTACHMENT 7" and "ATTACHMENT 1" is illegally located and/or operated within the private undedicated residential Cayo Costa Subdivision, PB 3, PG 25, by the Governmental Defendants.

31

78. In "ATTACHMENT 5", Defendant Stevens fraudulently pretended a "*campground*":

> "ATTACHMENT 2 – Looking south on road east of lagoon approx. 150 yards south of *campground*." See "Motion".

79. The Southern boundary line of Plaintiffs' riparian Gulf-front Parcel is at least 810 feet or 270 yard [1 yard = 3 ft] from the Northern Cayo Costa Subdivision boundary [see fractional section line pursuant to U.S. Governmental Survey System; see record Federal Land Patent]. Here, Plaintiffs' "NO TRESPASSING" signs at the Northern and Southern boundaries of their riparian Gulf-front Parcel # 12-44-20-01-00015.015A as depicted in "ATTACHMENT 2" are at a minimum 270 yards South of the Cayo Costa State Park, which is North of the private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912).

80. Here, Stevens falsely and fraudulently pretended that there was a "*campground*" "150 yards [450 ft] North of Plaintiffs' depicted riparian street lands and Northern "NO TRESPASSING" sign. Here, no *campground* was ever *platted* or *subdivided* in the private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912).

### ARSON

81. The depicted illegal "*campground*" is located and operated within the facially private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912).

82. Defendant Stevens and his material misrepresentation is encouraging the public to start open fires and "camp" fires in said private residential Subdivision, which is expressly prohibited.

### DEFENDANT CHAD LACH

83. The Plaintiff declared unimpeachable record owners of said platted riparian subject Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" sue Defendant Chad Lach in his private individual and official capacity [Park Manager; State of Florida].

32

84. This suit is also based on Defendant Chad Lach's criminal acts of record, which include, e.g., official policy to deliberately deprive, fraud, trespass, arson, and the destruction of Plaintiffs' substantial property fencing and Cayo Costa property under false and fraudulent pretenses that Plaintiffs' private real property and/or riparian Gulf-front street lands are a purported "*park*" and/or forged and non-existent "parcel 12-44-20-01-00000.00A0". Defendant Lach knew that said fictitious "parcel" was never *subdivided* or *platted* by original Owner A. C. Roesch in 1912, PB 3, PG 25; and that the forged and un-platted "*park*" does not *legally exist* in the facially private undedicated residential Cayo Costa Subdivision.

## **FRAUDULENT CONCEALMENT**

85. Defendant Chad Lach knew and/or fraudulently concealed that

"The plat for Cayo Costa Subdivision [Lee County  Plat Book 3, p. 25 (1912)] indicates a 60-foot wide roadway easement."
**"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The recorded plat designates roadways throughout the subdivision; however, there is <u>no</u> dedication of the roads *to the public* indicated on the plat."**

<u>See</u> 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

<u>see</u> **www.LeeClerk.org**; PB 3, PG 25 (1912).

86. Here, in the known and publicly recorded prima facie <u>absence</u> of any *dedication* of the private platted "paper" street and alley easements, PB 3, PG 25 (1912), *to the public*, said Defendant Lach and the other Officials knew that Lee County, Florida, could <u>not</u> have *possibly* been the *owner* of Plaintiffs'

a. Record private Subdivision street and alley easements as conveyed by implied covenant;

b. Record private adjoining riparian street lands and street easement along the natural boundary of the "Gulf of Mexico", which were conveyed as an integral part of Plaintiffs' riparian subject Parcel # 12-44-20-01-00015.015A, PB 3, PG 25.

## DELIBERATE DEPRIVATIONS

87. Pursuant to 18 U.S.C. §§ 241, 242, and/or 42 U.S.C. §§ 1983, 1985, 1988, Defendant Chad Lach [Park Manager] deliberately defrauded and deprived the Plaintiff unimpeachable record owners of their fundamental Federal Constitutional right to own and defend their riparian Gulf-front property, which was legally described in reference to said 1912 Plat, PB 3, PG 25. Here, Defendant Lach knew and concealed that Charles B. Stevens [Assistant Park Manager] perverted the platted legal description and Plaintiffs' unimpeachable record conveyance in reference to said 1912 Plat for the unlawful purpose of *involuntarily divesting* the Plaintiffs without any *due process* and the *equal protection* of the laws. In particular, Lach perverted and conspired to pervert the conclusive public record evidence, the Lee County, FL, Grantor/Grantee Real Property Index.

88. Defendant Lach also has supervisory liability for the crimes, fraud, and deliberate deprivations perpetrated upon the Plaintiffs by Defendant Stevens.

## DEFENDANT REAGAN K. RUSSELL

89. The Plaintiff declared unimpeachable record owners of said platted riparian subject Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" sue Defendant Reagan Kathleen Russell in her private individual and official capacity [Governmental Attorney; State of Florida].

90. This suit is also based on Defendant Reagan Kathleen Russell's criminal acts of record, which include, e.g., official policy of fraud, deliberate deprivations trespass, arson, and the destruction of Plaintiffs' substantial property fencing and Cayo Costa property under false and fraudulent pretenses that Plaintiffs' private real property is a purported "*park*" and/or forged and non-existent "parcel 12-44-20-01-00000.00A0". Defendant Russell knew that said fictitious "parcel" was never *subdivided* or *platted* by original Owner A. C. Roesch in

34

1912, PB 3, PG 25; and that the forged and un-platted "*park*" does not *legally exist* in the facially private undedicated residential Cayo Costa Subdivision.

## MALICIOUS MATERIAL MISREPRESENTATION

91. In "Defendants' Motion for Temporary Injunction", dated 08/29/2008, Lee County Circuit Court (20th Judicial Circuit), Case # 06-CA-003185, Defendant Russell materially misrepresented and fraudulently concealed Plaintiffs' paramount unencumbered title to their riparian "paper" street lands and private street easement along the shoreline of "the Gulf of Mexico":

> "Plaintiff has constructed a fence on a portion of the disputed property [riparian subject Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico"] without obtaining the necessary permits or other authorizations and without holding clear title to the all of the area where the activities are occurring." Id., p. 2, ¶ 2.

92. Here, Defendant Russell materially misrepresented, fraudulently concealed, and conspired to conceal that Florida's self-enforcing Marketable Record Title Act had automatically quieted Plaintiffs' perfected title to their riparian subject Parcel # 12-44-20-01-00015.015A, which admittedly touches and abuts the navigable waters of the "Gulf of Mexico", Plat Book 3, p. 25 (1912). Since 1912, the automatically quieted exclusive record title in the name of A. C. Roesch, his successors-in-title, and/or the Plaintiffs, who have paid all property taxes, has been free and clear.

## FRAUDULENT CONCEALMENT

93. Defendant Russell engaged in the official policy and custom of fraud and fraudulently concealed Plaintiffs' true legal free and clear record ownership of their riparian street lands, which abut and touch the ordinary high water mark of the "Gulf of Mexico" under Florida's Marketable Record Title Act:

35

"The property at issue in this case is an area between the westerly projected lines of Plaintiff(s)' lot 15A, platted according to the Second Revised Plat of Cayo Costa Subdivision. Title to this property is in dispute." Id., p. 1, ¶ 1.

94. Here, said 1912 "Second Revised Plat of Cayo Costa Subdivision", Plat Book 3, p. 25, conclusively evidenced Plaintiffs' unimpeachable record ownership of the entire width [50 ft] of the platted adjoining riparian Gulf-front "paper" street lands with a record surveyed depth of 2,181 feet. See 2008 Survey(s) of Plaintiffs' riparian Gulf-front Parcel # 12-44-20-01-00015.015A on record. Defendant Russell knew, fraudulently concealed, and conspired with other Officials to conceal that Plaintiffs' automatically quieted, unimpeachable, and marketable record title was never "in dispute" and could not have *possibly* been "in dispute" pursuant to Florida's self-enforcing Marketable Record Title Act.

## FRAUDULENT CONCEALMENT OF PRIVATE STREET & ALLEY EASEMENTS, LEE COUNTY PLAT BOOK 3, PAGE 25 (1912); WWW.LEECLERK.ORG

95. Defendant Reagan K. Russell knew and/or fraudulently concealed that

"The plat for Cayo Costa Subdivision [Lee County  Plat Book 3, p. 25 (1912)] indicates a 60-foot wide roadway easement."
**"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The recorded plat designates roadways throughout the subdivision; however, there is no *dedication* of the roads *to the public* indicated on the plat."**

See 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

see www.LeeClerk.org; PB 3, PG 25 (1912).

96. Here, in the known and publicly recorded prima facie absence of any *dedication* of the private platted "paper" street and alley easements, PB 3, PG 25 (1912), *to the public*, said Defendant Russell and the other Officials knew that Lee County, Florida, could not have *possibly* been the *owner* of Plaintiffs'

a. Record private Subdivision street and alley easements as conveyed by implied covenant;

36

b. Record private adjoining riparian street lands and street easement along the natural boundary of the "Gulf of Mexico", which were conveyed as an integral part of Plaintiffs' riparian subject Parcel # 12-44-20-01-00015.015A, PB 3, PG 25.

## DELIBERATE DEPRIVATIONS

97. Pursuant to 18 U.S.C. §§ 241, 242, and/or 42 U.S.C. §§ 1983, 1985, 1988, Defendant Russell deliberately defrauded and deprived the Plaintiff unimpeachable record owners of their fundamental Federal Constitutional right to own and defend their riparian Gulf-front property, which was legally described in reference to said 1912 Plat, PB 3, PG 25. Here, Russell perverted the platted legal description and Plaintiffs' unimpeachable record conveyance in reference to said 1912 Plat for the unlawful purpose of *involuntarily divesting* the Plaintiffs without any *due process* and the *equal protection* of the laws. In particular, Russell perverted the conclusive public record evidence, the Lee County, FL, Grantor/Grantee Real Property Index in said 08/29/2008 record "State Court "Motion":

> "Lee County, *record owner* of much of the *disputed property* between Plaintiff(s)' Lot 15A and the lagoon, has claimed the property *openly* and *notoriously* since 1969 for the use and benefit of the public, *accepting* the *dedication* envisioned by recording the plat in 1912 with streets drawn beyond the outer tier of blocks. Lee County has not been served as a party to this lawsuit; however their substantial *interests*, along with those of the State, are affected by Plaintiff(s)' fence." Id., p. 4, ¶ 8.

98. Here, Russell fraudulently concealed, e.g., that

a. Lee County, Florida, was <u>never</u> "*record owner*" of the riparian Gulf-front subject Parcel # 12-44-20-01-00015.015A;

b. Lee County, Florida, was <u>never</u> "*record owner*" of Plaintiffs' riparian Gulf-front street which is the most valuable part (94 plus %) of riparian subject Parcel # 12-44-20-01-00015.015A;

37

   c.   Lee County admittedly <u>never</u> *accepted* any *dedication* pursuant to said 1912 Cayo Costa Subdivision Plat, PB 3, PG 25;

   d.   The platted streets and alleys are owned fee simple by the Plaintiffs, A. C. Roesch's successors-in-title, and/or the record owners of the adjoining platted land parcels within the private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912);

   e.   "Lee County" never *asserted* any "*claim*" of record;

   f.   <u>No</u> "Lee County" or any other "*legislator*" ever *asserted* any record "*claim*";

   g.   Lee County never paid property taxes for Plaintiffs' riparian Gulf-front subject Parcel;

   h.   Lee County <u>never</u> had any *interest* or *estate* in the platted adjoining riparian "paper" street along the shoreline of the "Gulf of Mexico", PB 3, PG 25 (1912);

   i.   Lee County <u>never</u> *engaged* and could not have *possibly* engaged in any "*adverse possession*";

   j.   "*Open*" and "*notorious*" or "*adverse*" "*possession*" was factually and legally absolutely impossible, because Lee County never paid any *property taxes* for the subject Parcel, title to which is held in the <u>exclusive</u> name of the Plaintiff unimpeachable record owners. <u>See</u> PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631; <u>see</u> <u>West Peninsular Title Co. v. Palm Beach County</u>, 41 F.3d 1490, 1492 n.4 (11th Cir.), cert. denied. 516 U.S. 932, 116 S. Ct. 338, 133 L. Ed. 2d 237 (1995).

## DEFENDANT ROGER ALEJO

99. The Plaintiff declared unimpeachable record owners of said platted riparian subject Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" sue Defendant Roger Alejo in his private individual and official capacity [Agricultural Specialist; Appraiser; Lee County Property Appraiser's Office].

100.    This suit is also based on Defendant Roger Alejo's criminal acts of record such as, e.g., perjury, deliberate deprivations, and fraud.

## FRAUDULENT CONCEALMENT

101.    Defendant Roger Alejo knew and/or fraudulently concealed that

"The plat for Cayo Costa Subdivision [Lee County Plat Book 3, p. 25 (1912)] indicates a 60-foot wide roadway easement."
**"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The recorded plat designates roadways throughout the subdivision; however, there is <u>no</u> *dedication* of the roads *to the public* indicated on the plat."**

See 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

see **www.LeeClerk.org**: PB 3, PG 25 (1912).

102.    In the prima facie absence of any *"dedication to the public"*, Lee County had <u>no</u> *easement* or *non-possessory* property rights. By implication, Lee County could <u>not</u> have *possibly* owned any *land* and/or any fraudulently "claimed" *land*. Any owner and/or titleholder would have also owned easement and street use rights by implied covenant.

103.    Maliciously, Defendant Roger Alejo misconstrued the 1912 record Plat of Survey of the undedicated private residential Cayo Costa Subdivision. Said Defendant knew and concealed that pursuant to said 1912 record Plat, all lands between the natural boundaries of the "Gulf of Mexico" on the West side and "Charlotte Harbor" on the East side of said Lee County residential private undedicated Subdivision have been the "property of A.C. Roesch" and/or his successors-in-title, who paid any and all property taxes since 1912. Because Lee County had never paid any property taxes, and/or asserted any claim, *adverse possession* was factually and legally impossible. No *eminent domain* judicial proceedings ever took place.

104.    Here, Defendant Alejo knew and concealed that the Plaintiff unimpeachable record owners hold exclusive unencumbered and automatically quieted record title to the Lee

County riparian subject Parcel # 12-44-20-01-00015.015A, which touches the "Gulf of Mexico", Plat Book 3, page 25 (1912).

105.    Defendant Roger Alejo fraudulently concealed

   a.  Plaintiffs' true and unimpeachable riparian record ownership of;

   b.  Plaintiffs' true marketable and automatically quieted record title to;

   c.  The true record legal boundaries of the "Gulf of Mexico" on the West side of;

   d.  The true record Parcel area of more than 2.6 Acres of; and

   e.  The true record Parcel depth of more than 2,300 ft of

Plaintiffs' riparian 2.6 plus Acres Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico".

106.    Defendant Roger Alejo fraudulently concealed, e.g., the

   a.  Fraud of facially forged and un-platted "Lee County" "parcel 12-44-20-01-00000.00A0";

   b.  Fraud of facially forged and un-platted "Lee County" "parcel 07-44-21-01-00001.0000";

   c.  Fraud of forged "Lee County" "claim" "O.R. 569/875", which never *legally existed*;

   d.  Facial fraud of a forged and un-platted "park", which never *legally existed*, PB 3, PG 25.

   e.  Fraud of falsely pretended *involuntary alienation* by facial scam "O.R. 569/875".

107.    Defendant Roger Alejo knew and fraudulently concealed that

   a.  No property *interest* and/or *estate* in Plaintiffs' said 2.6 plus Acres riparian Parcel "on the Gulf of Mexico" ever *transferred* to Lee County;

   b.  Lee County never held any record *title* to Plaintiffs' riparian 2.6 plus Acres Parcel # 12-44-20-01-00015.015A, which admittedly adjoins and/or touches "the Gulf of Mexico".

   c.  Lee County never *owned* Plaintiffs' riparian 2.6 plus Acres Gulf-front Parcel # 12-44-20-01-00015.015A.

d.  The Plaintiffs hold exclusive unimpeachable marketable record title to riparian Parcel # 12-44-20-01-00015.015A, which admittedly abuts "the Gulf of Mexico";

e.  Florida's Marketable Record Title Act [M.R.T.A.] had automatically quieted and perfected Plaintiffs' free and clear record title, which was derived from the Federal Land Patent recorded in the Lee County, Florida, public records and Grantor/Grantee Index.

f.  Lee County, Florida, never *asserted* any "claim" to Plaintiffs' riparian 2.6 plus Acres Parcel # 12-44-20-01-00015.015A, which abuts "the Gulf of Mexico".

g.  Even if [merely *arguendo* and/or *hypothetically*] Lee County would have *asserted* a *colorable* "claim" [which Lee County <u>never</u> did], Florida's Marketable Record Title Act would have automatically extinguished and/or barred such a fictitious "*claim*";

h.  The Lee County Property Appraiser's Office fraudulently pretended "Lee County" "*ownership*" of Plaintiffs' riparian street land and private street easement, which abuts the "Gulf of Mexico" [Parcel # 12-44-20-01-00015.015A] as subdivided and platted by the original Cayo Costa Subdivision Owner and Developer Alexander C. Roesch, PB 3, PG 25 (1912);

i.  Defendants Roger Alejo and Kenneth M. Wilkinson fraudulently pretended "Lee County" "*ownership*" of Plaintiffs' riparian 2.6 plus Acres Parcel # 12-44-20-01-00015.015A, which abuts the "Gulf of Mexico" as admitted by Roger Alejo under oath on 11/17/2009, PM.

## <u>MATERIAL AND MALICIOUS MISREPRESENTATION</u>

108.  Defendant Roger Alejo materially and maliciously misrepresented

a.  Plaintiffs' true, unimpeachable, and free and clear record ownership of;

b.  Plaintiffs' true marketable, automatically quieted, and perfected record title to;

41

c.  The true platted "Gulf of Mexico" record legal subject Parcel boundaries of:

d.  The true record subject Parcel depth of more than 2,300 ft of; and

e.  The true record subject Parcel area of more than 2.6 Acres of

Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico".

## VIOLATION OF HOUSE BILL 521

## WILLFUL USE OF FRAUDULENT & DECEPTIVE APPRAISAL METHODOLOGY

109.    With wanton disregard for the truth and conclusive public record evidence, Defendant
Alejo violated House Bill 521 (H.B. 521). Here, Alejo knew that in the 2009 legislative
session, an important change to Florida Statutes was passed and then approved by Governor
Crist on June 4, 2009. See 194.301, F.S., as amended by Ch. 2009-121, Laws of Florida
(H.B. 521). Even though in this case Defendant Alejo had the burden of proof, Alejo
perverted the truth and perjured himself. Here, Alejo knew, concealed, and conspired to
conceal that the forged depth of "*135 feet*" could not have *possibly* been the true record
subject Parcel depth of more than 2,300 feet. In particular, Alejo knew that more than 2,300
feet separated the Eastern subject Parcel boundary from the admitted Western "Gulf of
Mexico" natural legal boundary on the record. See Defendant Alejo's Geographical
Information System (G.I.S.) data on record.

110.    Pursuant to § 194.301, the Plaintiff exclusive property taxpayers and unimpeachable
record title holders have been entitled to a determination by the Courts of the appropriateness
of the appraisal methodology used in making the assessment and/or agricultural use
classification of Plaintiffs' 2.6 plus Acres riparian Gulf-front Parcel. The value and use
classification of Plaintiff Petitioners' Constitutionally protected property [Lee County
riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico"] had to be determined by

42

an appraisal methodology that complies with the criteria of § 193.011 and professionally accepted appraisal practices. Defendant Alejo's perjury and forged "fixed boundary" and his fabrication of an unplatted and fictitious "135 ft x 50 ft" "lot" violated Ch. 193, and § 193.011. Here, Defendant Alejo perjured himself and recklessly perverted of, e.g.:

a.   The true riparian Gulf-front subject Parcel area and/or size of more than 2.6 Acres;

b.   The true riparian Gulf-front subject Parcel depth of more than 2,300 feet to the "Gulf of Mexico";

c.   Plaintiffs' true unimpeachable record ownership of said 2.6 plus Acres riparian subject Parcel, which admittedly abuts and/or touches the "Gulf of Mexico".

Here, Defendant Roger Alejo knowingly used and conspired to use fraudulent appraisal methodology for the unlawful purpose of defrauding and deliberately depriving the Plaintiff unimpeachable record title holders of said automatically quieted, unencumbered and paramount title to said 2.6 plus Acres riparian subject Parcel.

## **PERJURY**

111.   Defendant Roger Alejo deliberately and knowingly misrepresented

a.   Plaintiffs' true perfected and unencumbered riparian record ownership of;

b.   Plaintiffs' true marketable and automatically quieted record title to;

c.   True western record legal Parcel boundary of the "Gulf of Mexico" of;

d.   True record Parcel depth of more than 2,300 ft of; and

e.   True record Parcel area and/or size of more than 2.6 Acres of

Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" on November 17, 2009, PM. See Transcript and Recordings of 11/17/2009, PM, Lee County Value

43

Adjustment Board Hearing of public record. See also world wide web documentation of Lee County public corruption, criminal fraud, and conspiracy.

## FORGERY

112.   Defendant Roger Alejo forged, e.g., the

    a.  Title information to;

    b.  Ownership data pertaining to;

    c.  Boundary data of;

    d.  Depth of; and

    e.  Area, size, and/or Acres of;

Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A, which admittedly is bounded by and touches the "Gulf of Mexico", PB 3, PG 25 (1912).

Here, Defendant Alejo falsely made and/or materially altered, with intent to deliberately deprive and defraud the Plaintiff declared unimpeachable record owners, property records and data. Pursuant to Alejo's testimony under oath, Alejo knew that he forged the record natural boundary of the riparian Gulf-front subject Parcel # 12-44-20-01-00015.015A ["A" for "ACCRETED"] as legally described in reference to said 1912 Plat of Survey, PB 3, PG 25 (1912). See Worldwide Web You Tube, Google, and AOL videos of Defendant Alejo's 11/17/2009 perjury.

## FALSE PRETENSES

113.   Defendant R. Alejo's fraudulent alteration of supporting documents gave rise to the issuance of fake property records and data, which amounted to the crime of false pretenses.

## BREACH OF PUBLIC TRUST

114.   Defendant Roger Alejo breached the public trust and wrongfully concealed

a.  Plaintiffs' true, unimpeachable, and perfected record ownership of;

b.  Plaintiffs' true marketable and automatically quieted record title to;

c.  The true record "Gulf of Mexico" natural legal boundary of;

d.  The true record subject Parcel depth of more than 2,300 ft of; and

e.  The true record area of more than 2.6 Acres of

Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A ["A" for "ACCRETED"] "on the Gulf of Mexico" for the unlawful purpose of defrauding and deliberately depriving the Plaintiffs and unimpeachable record owners of platted real property in the private undedicated residential Cayo Costa Subdivision, Lee County Plat Book 3, page 25 (1912).

## CIVIL AND [CRIMINAL] FRAUD AND PUBLIC CORRUPTION

115.  Defendant Roger Alejo fraudulently pretended that

a.  The Plaintiffs allegedly did *not own* their riparian street lands and private street easements "on the Gulf of Mexico", which was a reckless perversion and misconstruction of Plaintiffs' grant in reference to said 1912 record Plat;

b.  The Plaintiffs purportedly did *not apply* for agricultural classification of their riparian Gulf-front lands and private accreted riparian Gulf-front street easement;

c.  Plaintiffs' riparian 2.6 plus Acres Parcel # 12-44-20-01-00015.015A ["A" for "ACCRETED"] "on the Gulf of Mexico" had

i.  A depth of only "*135 feet*" [rather than the true more than 2,300 feet to the natural "Gulf of Mexico" monument and boundary];

ii.  An area of only 6,750 square feet or approx. 0.15 Acres [rather than the true more than 2.6 plus Acres];

45

iii.  Plaintiffs' adjoining riparian street lands and private street easement were purportedly *"owned"* by "Lee County" in the prima facie <u>absence</u> of any "Lee County" *title* to Plaintiffs' platted record "paper" street and accretions thereto, which abut and/or touch the "Gulf of Mexico".

116.   Here, Defendant Roger Alejo's fraudulent concealment of the true platted record natural Parcel and Subdivision boundary of the "Gulf of Mexico" defrauded the Plaintiff unimpeachable record owners of, e.g.:

    a.  More than 94 [ninety four] % of their Constitutionally protected riparian lands and Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico";

    b.  Plaintiffs' private and unencumbered street and alley easements across said admittedly private undedicated residential Subdivision.

## DEFAMATION AND LIBEL

117.   When the Plaintiffs blew the whistle on said egregious fraud and public governmental corruption, Defendants Roger Alejo and Kenneth M. Wilkinson defamed and conspired with other State and County Officials to defame the Plaintiffs as *"vexatious"* and *"litigious"*. Rather than answer to Plaintiffs' conclusively proven allegations, the Defendants fraudulently pretended that Plaintiffs' claims for relief were *"frivolous"* and that Plaintiffs' owned a forged "0.15 Acres" "fixed boundary" lot rather than the record 2.6 plus Acres Parcel of public record, which forever is bounded by the ever-changing "Gulf of Mexico".

## DELIBERATE DEPRIVATIONS

118.   Defendant Roger Alejo knew and concealed that the Plaintiffs have a Constitutionally guaranteed right to own the entire width of their riparian street land and private implied street

46

easement along the "Gulf of Mexico" [2.6 plus Acres riparian Parcel # 12-44-20-01-00015.015A] as platted and subdivided. Lee County PB 3, PG 25 (1912).

119.    Plaintiffs bought their riparian Gulf-front Parcel # 12-44-20-01-00015.015A in reference to said 1912 Plat of Survey of the undedicated private residential Cayo Costa Subdivision, Lee County Plat Book 3, p. 25 (1912).

120.    Defendant Roger Alejo deliberately deprived the Plaintiffs of their fundamental Constitutional right to own and exclude the Government and public from their

a.  Private 2.6 plus Acres riparian Gulf-front Parcel # 12-44-20-01-00015.015A;

b.  The platted private implied street and alley easements all over said undedicated private Subdivision, PB 3, PG 25.

## CONSPIRACY

121.    Defendant Roger Alejo agreed and/or conspired with Defendant Kenneth M. Wilkinson and other Lee County Officials to fraudulently pretend, e.g., that

a.  The Plaintiffs only own the paltry fraction of "*135' x 50'*" of their riparian Gulf-front Parcel # 12-44-20-01-00015.015A with a surveyed area (2008) of approximately more than 2.6 Acres in size. See Exhibit: 2008 Survey of Plaintiffs' 2.6 plus Acres riparian Gulf-front Parcel. See also Geographical Information System data for and Aerial Photography of Plaintiffs' 2.6 plus Acres riparian subject parcel at Defendants' website: **www.LeePA.org**.

b.  The Plaintiff unimpeachable riparian record owners purportedly only own the paltry and unplatted area of *6,750 square feet* [*135' x 50'*] of their 2.6 plus Acres riparian subject Parcel # 12-44-20-01-00015.015A rather than the true record area of approximately more than 2.6 Acres as surveyed [2,300 plus feet x 50 feet];

47

    c.  Lee County owns Plaintiffs' riparian street lands and private street easement "on the Gulf of Mexico" in the prima facie absence of any Lee County *title, adverse possession, eminent domain,* and/or *involuntary alienation* proceedings.

## TRESPASS

122.    Defendant Alejo encouraged the public to trespass onto, e.g.

    a.  Private implied Cayo Costa Subdivision street and alley easements, PB 3, PG 25 (1912);

    b.  Private Cayo Costa Subdivision lands, PG 3, PG 25;

    c.  Plaintiffs' 2.6 plus Acres riparian Parcel 12-44-20-01-00015.015A "on the Gulf of Mexico";

    d.  Plaintiffs' adjoining riparian street lands and private street easement along the "Gulf of Mexico" with a depth of more than 2,170ft [more than 2,300ft-130ft]

123.    Defendant Alejo encouraged the public to start open fires, camp, and erect tents on Plaintiffs' private implied street and/or alley easements within the Cayo Costa Subdivision, PB 3, PG 25 (1912), which endangered the Plaintiffs' lives and destroyed their property.

## WIRE AND/OR INTERNET FRAUD

124.    Defendant Alejo used the wires and/or Internet to materially misrepresent the true record ownership of, e.g., Plaintiffs'

    a.  Private implied Cayo Costa Subdivision street and alley easements, PB 3, PG 25;

    b.  Plaintiffs' adjoining riparian street lands and private street easement along the "Gulf of Mexico" with a depth of more than 2,170ft [more than 2,300ft-130ft].

## OBSTRUCTION OF JUSTICE AND REAL PROPERTY & CONSTITUTIONAL LAW

125.    Defendant Alejo perverted the truth and public record evidence of Plaintiffs' unimpeachable record ownership of and automatically quieted title to Plaintiffs'

    a.   Private platted implied Cayo Costa Subdivision street and alley easements, PB 3, PG 25;

    b.   Plaintiffs' adjoining riparian street lands and private street easement along the "Gulf of Mexico" with a depth of more than 2,170ft [more than 2,300ft-130ft].

126.   Roger Alejo knew, fraudulently concealed, and conspired to conceal that the Plaintiffs have fundamental Constitutional rights to own and exclude Governments and the public from their

    a.   Private platted implied Cayo Costa Subdivision street and alley easements, PB 3, PG 25;

    b.   Plaintiffs' adjoining riparian street lands and private street easement along the "Gulf of Mexico" with a depth of more than 2,170ft [more than 2,300ft-130ft].

127.   Here, Defendant Alejo knew and fraudulently concealed that Lee County, Florida, never held *title* to Plaintiffs' said Constitutionally protected property.

## DEFENDANT JACK N. PETERSON

128.   The Plaintiff declared unimpeachable owners of public record of said riparian subject Gulf-front Parcel sue Defendant Jack N. Peterson in his private individual and official capacity [Assistant Lee County Attorney].

129.   This suit is also based on Defendant Jack N. Peterson's criminal acts of public record. As an Officer of the Court(s), Jack N. Peterson perpetrated extrinsic fraud and fraud on the Courts for the unlawful purpose of keeping the *pro se* Plaintiff record riparian street fee simple owners away from the Courts and obstruct justice at Plaintiffs' expense and injury.

## CRIMINAL COERCION

130.   Defendants Jack N. Peterson and/or Kenneth M. Wilkinson demanded Plaintiff(s)' payment of $5,000.00 and criminally coerced the Plaintiff unimpeachable record owners to

refrain from prosecution and litigation. In a letter, dated 10/14/2009, Jack N. Peterson criminally coerced and unlawfully demanded:

"We now demand of you the sum of $5,048.60."

131. Here, the U.S. Court of Appeals had denied Defendant corrupt Lee County Property Appraiser's motion for sanctions. See PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631; see also West Peninsular Title Co. v. Palm Beach County, 41 F.3d 1490, 1492 n.4 (11th Cir.), cert. denied, 516 U.S. 932, 116 S. Ct. 338, 133 L. Ed. 2d 237 (1995). See Exhibit: Jack N. Peterson's 10/14/2009 Letter of Criminal Coercion.

132. In particular, on 04/21/2009, said 11th Federal Appellate Circuit had dispositively declared the Plaintiffs the unimpeachable record owners of their riparian Gulf-front subject Parcel # 12-44-20-01-00015.015A, marketable unencumbered title to which had been automatically quieted by Florida's self-enforcing Marketable Record Title Act:

**"The [Plaintiffs-]Appellants' Lot 15A [riparian Gulf-front Parcel 12-44-20-01-00015.015A, Lee County Plat Book 3, p. 25 (1912)] is on the west side of the Cayo Costa Subdivision on the Gulf of Mexico and is adjacent to land that was claimed through resolution 569/875 to create the Cayo Costa State Park."**

Here, Defendant Peterson fraudulently concealed that the "Cayo Costa State Park" is "adjacent to" and entirely North of the private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912). No "park" exists in the facially undedicated private Cayo Costa Subdivision pursuant to said 1912 Subdivision Plat of Survey.

## FRAUDULENT CONCEALMENT

133. Defendant Jack N. Peterson fraudulently concealed

a. That, as a named party Defendant, Peterson had an interest in the outcome of Plaintiffs' Cases;

50

    b. That Defendant Peterson's appearance as governmental attorney during the 11/17/2009 VAB Hearing was <u>prohibited</u>;

and

    c. That Peterson agreed and/or conspired with other County and State Officials to materially misrepresent the record area, size, Acres, legal boundary, depth, and Gulf-front features of;

    d. Plaintiffs' true and unimpeachable riparian record ownership of;

    e. Plaintiffs' true marketable and automatically quieted record title to;

    f. The true record legal boundary and monument of the "Gulf of Mexico" on the West side of;

    g. Plaintiffs' record vested riparian rights appurtenant to;

    h. The true record subject Parcel depth of more than 2,300 ft of; and

    i. The true record Parcel area and/or size of more than 2.6 Acres of

Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico".

## <u>FRAUDULENT CONCEALMENT OF PRIVATE STREET & ALLEY EASEMENTS,</u>
## <u>LEE COUNTY PLAT BOOK 3, PAGE 25 (1912); WWW.LEECLERK.ORG</u>

134.    Defendant Jack N. Peterson knew and/or fraudulently concealed that

    "The plat for Cayo Costa Subdivision [Lee County Plat Book 3, p. 25 (1912)] indicates a 60-foot wide roadway easement."

    **"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The recorded plat designates roadways throughout the subdivision; however, there is <u>no</u> *dedication* of the roads *to the public* indicated on the plat."**

<u>See</u> 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

<u>see</u> **www.LeeClerk.org**; PB 3, PG 25 (1912).

51

135.    Here in the prima facie absence of any "*dedication to the public*", Lee County had <u>no</u>

*easement* or *non-possessory* property rights. By implication, Lee County could <u>not</u> have

*possibly owned* any land and/or any fraudulently "claimed" land. Any owner and/or

titleholder would have also owned easement and street use rights by implied covenant.

## **DECEPTION, TRICKERY, AND FRAUD ON THE COURT**

136.    As an Officer of the (various) Courts, Defendant corrupt Lee County Assistant Attorney

Peterson falsely and fraudulently pretended, e.g., to the U.S. Court of Appeals:

> "STATEMENT OF THE CASE
> Nature of the Suit
> Appellant Busse claims to own and public records confirm his ownership of a 50' x
> 130' lot bordering a platted 60' street on a barrier island in Lee County named Cayo
> Costa. Busse claims riparian rights. The State, the County and the Property Appraiser
> <u>deny</u> his claim of riparian rights."

<u>See</u> Answer Brief of Defendants-Appellees Lee County, Florida, and Board of Lee County

Commissioners, in the U.S. Court of Appeals, 11th Circuit, Case # 08-13170-B, dated

08/14/2008.

Here, Defendant Peterson perpetrated extrinsic fraud and fraud on the Court(s). Peterson

conceded that Plaintiff(s) "claim riparian rights", which were conclusively proven by the

newly discovered evidence and indisputable and un-rebutted 1912 Plat evidence on record,

PB 3, PG 25 (1912). Here, Peterson asserted that "[t]he State, the County and the Property

Appraiser" treated the Plaintiff unimpeachable record owners disparately and wrongfully

"denied" Plaintiffs' vested riparian property rights and record unimpeachable private street

lands and easement(s) ownership.

137.    On 08/14/2008, Defendant Jack N. Peterson materially misrepresented:

> "STATEMENT OF THE FACTS
> Public records confirm that Busse owns a lot in a platted subdivision located in Lee
> County. This lot  (50' X 130') abuts a platted 60 foot wide street. At some point

52

westward of the street is the Gulf of Mexico. Since the subdivision was platted in 1912, considerable accretion has occurred on land bordering the Gulf of Mexico westward of Busse's lot. Appellant claims riparian rights. Lee County has claimed said accreted lands for public park purposes." Id., p. 4.

138. Here, Defendant Jack N. Peterson fraudulently concealed that

a. The "*land bordering the Gulf of Mexico*" is <u>Plaintiffs'</u> platted adjoining riparian Gulf-front "paper" street land, to which the Plaintiffs hold unimpeachable, free and clear record title;

b. Plaintiffs' platted adjoining riparian "paper" street lands abut and touch the navigable waters of the "Gulf of Mexico", PB 3, PG 25;

c. Concededly, "*considerable accretion has occurred*" <u>onto</u> Plaintiffs' adjoining riparian "paper" <u>street</u> "on the Gulf of Mexico", to which the Plaintiffs hold unimpeachable, unencumbered, and automatically quieted record title pursuant to Florida's self-enforcing Marketable Record Title Act;

d. Plaintiffs' platted riparian "lot", i.e. Lee County Gulf-front Parcel # 12-44-20-01-00015.015A, has a surveyed depth of more than 2,300 feet, and an area of more than 2.6 Acres pursuant to said Plat and the 2008 Surveys on the record;

e. Lee County never "*claimed*" and/or *asserted* any "*claim*";

f. <u>No</u> "Lee County" "*claim*" could have possibly *created* and/or *transferred* any *interest* or *estate* in Plaintiffs' riparian Gulf-front street land to Lee County, FL;

g. The Plaintiffs' hold exclusive unimpeachable and unencumbered record title to said platted adjoining riparian Gulf-front street, which runs with Plaintiffs' riparian upland.

## **BREACH OF PUBLIC TRUST**

139. Here corruptly, Peterson perverted the public record and said 1912 Plat for the unlawful purpose of deliberately depriving and defrauding the Plaintiff record street owners. Here,

53

Peterson deliberately misconstrued and materially misrepresented Plaintiffs' unimpeachable record conveyance of riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico". Defendant Peterson deceived the Court(s), e.g., about Plaintiffs' true unimpeachable and unencumbered

a.  Record ownership of; and

b.  Record marketable and paramount title to

riparian Gulf-front Parcel # 12-44-20-01-00015.015A, which abuts and/or touches the "Gulf of Mexico", PB 3, PG 25 (1912).

## OBSTRUCTION OF JUSTICE AND REAL PROPERTY & CONSTITUTIONAL LAW

140.    Said Defendant J. N. Peterson deliberately obstructed the just and timely adjudication of the *pro se* Plaintiff riparian street owners' claims for relief by fraudulently pretending, e.g., "*frivolity*" of Plaintiffs' causes of action and allegations, which had been conclusively proven by the public record evidence such as, e.g., PB 3, PG 25 (1912). Said Defendant deliberately deprived and defrauded the Plaintiff riparian street land and subject Parcel owners under fraudulent pretenses of "*frivolity*" and a "Lee County" "*resolution*" ["O.R. 569/875"], which Peterson concealed, and conspired to conceal, could not have *possibly created* and/or *transferred* any *interest* and/or *estate* to Lee County, Florida. Here, said Defendant Peterson interfered and conspired with other Officials to interfere with the orderly administration of justice and real property law by giving false information and withholding title evidence. In particular, said Defendant Peterson gave false, fraudulent, and deceptive information about

a.  Plaintiff riparian street and subject Parcel Owners' fundamental Constitutional rights to own and exclude Government(s) and the public from their private Gulf-front street lands;

54

b. "Lee County" facial forgery "O.R. 569/875", which on its face, was <u>not</u> any *instrument, muniment of title,* or *conveyance,* but a prima facie fraud scheme and scam, which could <u>not</u> have *possibly created* and/or *transferred* any *title, interest,* and/or *estate* to Lee County, Florida;

c. "Lee County" facially forged "*parcel 12-44-20-01-00000.00A0*", which A. C. Roesch had <u>never</u> *platted, subdivided,* or *legally described* in reference to said 1912 record Subdivision Plat.

d. "Lee County" facially forged "*parcel 07-44-21-01-00001.0000*", which A. C. Roesch had <u>never</u> *platted, subdivided,* or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

e. "Lee County" facially forged "*park*", which A. C. Roesch had <u>never</u> *platted, subdivided,* or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

f. "Lee County" forged and un-asserted sham "claim", which the law does <u>not</u> recognize;

g. Plaintiffs' unimpeachable and unencumbered record title to their adjoining platted riparian "paper" street lands and private street easement, which admittedly and indisputably touch and abut the "Gulf of Mexico" [see PB 3, PG 25, www.LeeClerk.org; public recordings of 11/17/2009 Lee County Value Adjustment Board Hearing: testimony and perjury of Defendant Roger Alejo];

h. Plaintiffs' unimpeachable and unencumbered marketable record title to their adjoining riparian subject Parcel # 12-44-20-01-00015.015A, which extends to the ordinary high water mark of the "Gulf of Mexico" as platted and surveyed by, e.g., Measurement Science Corporation in 2008;

55

i. Plaintiffs' unimpeachable and perfected marketable record title to their adjoining riparian "paper" street [unimpeachable title to which runs with Plaintiffs' marketable title to subject Parcel # 12-44-20-01-00015.015A], which Florida's self-enforcing Marketable Record Title Act had automatically quieted in the early part of the last century.

141.   On 04/21/2009, the 11th Federal Appellate Circuit had dispositively declared the Plaintiffs the unimpeachable record owners of their riparian Gulf-front street and subject Parcel # 12-44-20-01-00015.015A, marketable unencumbered title to which had been automatically quieted by Florida's self-enforcing Marketable Record Title Act:

> "The [Plaintiffs'-]Appellants' Lot 15A [riparian Gulf-front Parcel 12-44-20-01-00015.015A, Lee County Plat Book 3, p. 25 (1912)] is on the west side of the Cayo Costa Subdivision <u>on the Gulf of Mexico</u> and is <u>adjacent to</u> land that was claimed through resolution 569/875 to create the Cayo Costa State Park."

<u>See</u> PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631.

Here, said Defendant U.S. Attorneys fraudulently concealed that the "Cayo Costa State Park" is "*adjacent to*" and entirely North of the riparian private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912). <u>No</u> "*park*" exists in the riparian and facially undedicated private Cayo Costa Subdivision pursuant to said 1912 Subdivision Plat of Survey.

## DEFENDANT KENNETH M. WILKINSON

142.   The Plaintiff declared unimpeachable owners of public record of said riparian subject Gulf-front Parcel sue Defendant Kenneth M. Wilkinson in his private individual and official capacity [Lee County Property Appraiser].

143.   This suit is also based on Defendant Wilkinson's criminal acts of record such as, e.g., criminal coercion, fraud, deliberate deprivations under 18 U.S.C. §§ 241, 242, and conspiracy to deliberately deprive and defraud.

56

## CRIMINAL COERCION

144.    Defendants Jack N. Peterson and/or Kenneth M. Wilkinson demanded Plaintiff(s)'
payment of $5,000.00 and criminally coerced the Plaintiff unimpeachable record owners to
refrain from prosecution and litigation.

## FRAUDULENT CONCEALMENT

145.    Defendant Kenneth M. Wilkinson fraudulently concealed that

   a.  Wilkinson maliciously misconstrued and perverted the 1912 Subdivision Plat and platted
       natural boundaries and monuments of said Cayo Costa Subdivision;

   b.  Wilkinson perverted the truth, Lee County Grantor/Grantee Real Property Index, platted
       triple meander lines, and natural monuments and boundaries on said 1912 Plat, PB 3, PG
       25, to defraud the Plaintiff record owners;

   c.  Wilkinson forged Cayo Costa Subdivision and parcel boundary lines to defraud and
       deliberately deprive the Plaintiff unimpeachable record owners;

   d.  Wilkinson forged unplatted "Lee County" "parcel 12-44-20-01-00000.00A0";

   e.  Wilkinson forged unplatted "Lee County" "parcel 07-44-21-01-00001.0000";

   f.  Wilkinson forged "Lee County" *ownership* of Plaintiffs' adjoining riparian Gulf-front
       street lands;

   g.  Wilkinson fabricated "Lee County" *ownership* of the entire width of Plaintiffs' adjoining
       "paper" riparian street lands and private implied street easement along the shoreline of
       the "Gulf of Mexico";

   h.  The East-to-West Cayo Costa Subdivision "paper" streets run all the way from the
       natural Western Subdivision boundary of the "Gulf of Mexico to the Eastern natural
       Subdivision boundary and monument of "Charlotte Harbor".

57

## FRAUDULENT CONCEALMENT OF PRIVATE STREET & ALLEY EASEMENTS,

## LEE COUNTY PLAT BOOK 3, PAGE 25 (1912); WWW.LEECLERK.ORG

146.    Defendant Kenneth M. Wilkinson fraudulently concealed that

"The plat for Cayo Costa Subdivision [Lee County  Plat Book 3, p. 25 (1912)] indicates a 60-foot wide roadway easement."
"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The recorded plat designates roadways throughout the subdivision; however, there is no dedication of the roads to the public indicated on the plat."

See 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

see www.LeeClerk.org; PB 3, PG 25 (1912).

147.    Here, in the known and publicly recorded prima facie absence of any dedication of the

private platted "paper" street and alley easements, PB 3, PG 25 (1912), to the public, said

Defendants and their Officials knew that Lee County, Florida, could not have possibly been

the owner of Plaintiffs'

a.   Record private Subdivision street and alley easements as conveyed by implied covenant;

b.   Record private adjoining riparian street lands and street easement along the natural

boundary of the "Gulf of Mexico", which were conveyed as an integral part of Plaintiffs'

riparian subject Parcel # 12-44-20-01-00015.015A, PB 3, PG 25.

## MATERIAL AND MALICIOUS MISREPRESENTATION

148.    Defendant Kenneth M. Wilkinson materially and maliciously misrepresented

a.   Plaintiffs' true and unimpeachable record riparian ownership of;

b.   Plaintiffs' true marketable and automatically quieted record title to;

c.   True platted "Gulf of Mexico" record natural legal Parcel boundary of;

d.   True record subject Parcel depth of more than 2,300 ft of; and

e.   True record Parcel area and/or size of more than 2.6 Acres of

58

Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico". Here, Defendant Wilkinson knew and concealed that said "Lee County" facial forgeries such as, e.g., "O.R. 569/875" could not have *possibly created* and/or *transferred* any property *interest* or *estate* to Lee County, Florida.

## PERJURY

149.    Under oath, Defendant Kenneth M. Wilkinson had answered on 10/22/2007 that there are <u>no</u> *record easements in the public* in the prima facie undedicated private residential Cayo Costa Subdivision. <u>See</u> Defendant Wilkinson's Answer # 24, p. 4:

> "*There are no easements in the public on the Property Appraiser's maps, nor does he have records indicating easements.*"

150.    In the admitted prima facie absence of any *public* Cayo Costa Subdivision easements, Lee County could not have *possibly owned* Plaintiffs' adjoining riparian "paper" street lands and private street easement along the natural boundary of the "Gulf of Mexico". Here, the Lee County Property Appraiser perjured himself and perverted the record extent of Plaintiffs' unimpeachable record title to and conveyance of Plaintiffs' prima facie riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" as legally described in reference to said 1912 Plat, PB 3, PG 25. Here <u>after</u> Wilkinson's said 10/22/2007 Answer, corrupt Lee County Official Wilkinson moved for Fed.R.Civ.P. 11 sanctions on 11/07/2007, i.e., <u>before</u> the Plaintiff unimpeachable and declared record owner(s) had even filed their Third Amended Complaint. <u>See</u> Doc. ## 282, 288. Here, Wilkinson fabricated "*frivolity*" of Plaintiffs' not yet filed allegations and the conclusive public record evidence of the illegal and fraudulent "Lee County" "claim" of purported *ownership* of said forged and non-existent parcels

a.    "12-44-20-01-00000.00AO; and

b.    "07-44-21-01-00001.0000",

59

which were never *subdivided* and *platted* and did <u>not</u> appear on the referenced Cayo Costa Subdivision Plat of Survey, PB 3, PG 25.

## DEFAMATION AND LIBEL

151.    On 11/07/2007, Plaintiff(s) conclusively evidenced Defendant Kenneth M. Wilkinson's fraud schemes and forgeries during a hearing in the U.S. District Court, Middle District of Florida, Case # 2:07-CV-228-FtM-JES(RECUSED)-SPC(RECUSED) before Magistrate Sheri Polster Chappell. In particular, Plaintiff(s) evidenced Defendant Wilkinson's forgeries of unplatted and non-existent "parcels" "12-44-20-01-00000.00A0" and "07-44-21-01-00001.0000", which were never *subdivided* pursuant to the 1912 record Cayo Costa Subdivision Plat, PB 3, PG 25:

> Plaintiff Dr. Busse:
> "The representation by all defendants of a fictitious lot A [facially forged "parcel 12-44-20-01-00000.<u>00A0</u>"] and a block 1 [facially forged "parcel 07-44-21-01-<u>00001</u>.0000"] is frivolous. There is entirely no factual support whatsoever for a lot A or a block 1."

<u>See</u> Transcript of 11/07/07 Proceedings on file, page 15, lines 9-12.

> Plaintiff Dr. Busse:
> "You [Magistrate Polster Chappell] have the legal authority to interrogate counsel and ask one question pertaining to the ultimate issue: Is there a lot A [facially forged "parcel 12-44-20-01-00000.<u>00A0</u>"] and a block 1 [facially forged "parcel 07-44-21-01-<u>00001</u>.0000"]? Yes or No? With an answer by Defendants to that question, this case will be over."

<u>See</u> Transcript of 11/07/07 Proceedings on file, page 15, lines 13-17.

## FORGERY

152.    After Defendant Wilkinson had forged "parcels # 12-44-20-01-00000.00A0" and "07-44-21-01-00001.0000", Wilkinson fabricated *zoning classifications* for said forged and non-existent "land" "parcels" for the illegal purpose of deliberately depriving and defrauding the Plaintiff unimpeachable record owners of their riparian Gulf-front Parcel 12-44-20-01-

00015.015A. In order to "cover up" and conceal his criminal acts, Defendant Wilkinson fraudulently pretended that the *pro se* Plaintiff record owners' claims for relief were "*frivolous*", which fatally conflicted with the record evidence of Wilkinson's fraud schemes and forgeries.

## OBSTRUCTION OF JUSTICE AND REAL PROPERTY & CONSTITUTIONAL LAW

153.    Said Defendant Wilkinson deliberately obstructed the just and timely adjudication of the *pro se* Plaintiff riparian street owners' claims for relief by fraudulently pretending, e.g., "*frivolity*" of Plaintiffs' causes of action and allegations, which had been conclusively proven by the public record evidence such as, e.g., PB 3, PG 25 (1912).

154.    Said Defendant deliberately deprived and defrauded the Plaintiff riparian street land owners under fraudulent pretenses of "*frivolity*" [see, e.g., Def. Wilkinson's frivolous and fraudulent (extrinsic fraud on the Courts) motions for Rule 11 sanctions] and a "Lee County" "*resolution*" ["O.R. 569/875"], which they concealed, and conspired to conceal, could <u>not</u> have *possibly created* and/or *transferred* any *interest* and/or *estate* to Lee County, Florida. Here, said Defendant Wilkinson interfered with the orderly administration of justice and real property law by giving false information and withholding evidence. In particular, said Defendant Wilkinson gave and conspired to give false and fraudulent information about

a.    "Lee County" facial forgery "O.R. 569/875", which on its face, was <u>not</u> any *instrument*, *muniment of title*, or *conveyance*, but a prima facie fraud scheme and scam, which could <u>not</u> have *possibly created* and/or *transferred* any *title*, *interest*, and/or *estate* to Lee County, Florida;

b. "Lee County" facially forged "*parcel 12-44-20-01-00000.00A0*", which A. C. Roesch had <u>never</u> *platted, subdivided,* or *legally described* in reference to said 1912 record Subdivision Plat.

c. "Lee County" facially forged "*parcel 07-44-21-01-00001.0000*", which A. C. Roesch had <u>never</u> *platted, subdivided,* or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

d. "Lee County" facially forged "*park*", which A. C. Roesch had <u>never</u> *platted, subdivided,* or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

e. "Lee County" forged and un-asserted sham "claim", which the law does <u>not</u> recognize;

f. Plaintiffs' unimpeachable and unencumbered record title to their adjoining platted riparian "paper" street lands and private street easement, which admittedly and indisputably touch and abut the "Gulf of Mexico" [<u>see</u> PB 3, PG 25, www.LeeClerk.org; public recordings of 11/17/2009 Lee County Value Adjustment Board Hearing: testimony and perjury of Defendant Roger Alejo];

g. Plaintiffs' unimpeachable and unencumbered marketable record title to their adjoining riparian subject Parcel # 12-44-20-01-00015.015A, which extends to the ordinary high water mark of the "Gulf of Mexico" as platted and surveyed by, e.g., Measurement Science Corporation in 2008;

h. Plaintiffs' unimpeachable and perfected marketable record title to their adjoining riparian "paper" street [unimpeachable title to which runs with Plaintiffs' marketable title to subject Parcel # 12-44-20-01-00015.015A], which Florida's self-enforcing Marketable Record Title Act had automatically quieted in the early part of the last century.

62

155.    On 04/21/2009, the 11th Federal Appellate Circuit had dispositively declared the Plaintiffs the unimpeachable record owners of their riparian Gulf-front subject Parcel # 12-44-20-01-00015.015A, marketable unencumbered title to which had been automatically quieted by Florida's self-enforcing Marketable Record Title Act:

> **"The [Plaintiffs'-]Appellants' Lot 15A [riparian Gulf-front Parcel 12-44-20-01-00015.015A, Lee County Plat Book 3, p. 25 (1912)] is on the west side of the Cayo Costa Subdivision <u>on the Gulf of Mexico</u> and is <u>adjacent to</u> land that was claimed through resolution 569/875 to create the Cayo Costa State Park."**

<u>See</u> PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631.

Here, said Defendant U.S. Attorneys fraudulently concealed that the "Cayo Costa State Park" is *"adjacent to"* and entirely North of the riparian private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912). <u>No</u> *"park"* exists in the riparian and facially undedicated private Cayo Costa Subdivision pursuant to said 1912 Subdivision Plat of Survey.

## **DEFFENDANTS LEE COUNTY, FLORIDA, & LEE COUNTY COMMISSIONERS**

156.    The Plaintiff declared unimpeachable record owners of said platted riparian subject Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" in the private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912) sue the Lee County Commissioners and Officials in their private individual and official capacities [members of Lee County, FL, governing body]. In particular, the named Defendants are BOB JANES; BRIAN BIGELOW; RAY JUDAH; TAMMY HALL; and FRANK MANN.

## **UNLAWFUL POLICY & CUSTOM OF FRAUD AND DELIBERATE DEPRIVATIONS**

157.    This suit is also based on said Defendants' and their Officials' criminal acts of record and said Defendants' policy and custom of deliberately depriving and defrauding the Plaintiff record owners under false and fraudulent pretenses of purported *governmental ownership* in the prima facie absence of any *government title* to, e.g.:

a. Plaintiffs' private implied "paper" street and alley easements across the private undedicated residential Cayo Costa Subdivision, Plat Book 3, page 25 (1912), in Lee County, Florida;

b. Plaintiffs' private adjoining riparian "paper" street lands and easement "on the Gulf of Mexico", Parcel # 12-44-20-01-00015.015A ["A" for "ACCRETED"], PB 3, PG 25.

### FRAUDULENT CONCEALMENT

158.   Said Defendants knew and/or fraudulently concealed that

"The plat for Cayo Costa Subdivision [Lee County  Plat Book 3, p. 25 (1912)] indicates a 60-foot wide roadway easement."
**"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The recorded plat designates roadways throughout the subdivision; however, there is <u>no</u> dedication of the roads to the public indicated on the plat."**

See 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

see **www.LeeClerk.org**; PB 3, PG 25 (1912).

159.   Here, in the known and publicly recorded prima facie <u>absence</u> of any *dedication* of the private platted "paper" street and alley easements, PB 3, PG 25 (1912), *to the public*, said Defendants and the other Officials knew that Lee County, Florida, could <u>not</u> have *possibly* been the *owner* of Plaintiffs'

a. Record private Subdivision street and alley easements as conveyed by implied covenant;

b. Record private adjoining riparian street lands and street easement along the natural boundary of the "Gulf of Mexico", which were conveyed as an integral part of Plaintiffs' riparian subject Parcel # 12-44-20-01-00015.015A, PB 3, PG 25.

### CRIMINAL AND CIVIL FRAUD

160.   In the absence of any Lee County *title*, said Defendants and/or its governing body fraudulently pretended and materially misrepresented "Lee County" *ownership* of

    a.   Private platted implied Cayo Costa Subdivision street and alley easements, PB 3, PG 25;

    b.   Plaintiffs' adjoining riparian street lands and private street easement along the "Gulf of Mexico" with a depth of more than 2,170ft [more than 2,300ft-130ft].

161.   Here, Defendants Lee County and County Commissioners concocted "Lee County" *ownership*, which was conclusively controverted by, e.g., the

    a.   Lee County Grantor/Grantee Index;

    b.   1912 Plat of Survey of the private undedicated Cayo Costa Subdivision, PB 3, PG 25;

    c.   Said 12/29/2000 Memorandum by the Lee County Attorney's Office;

    d.   Judgment in <u>JOHN LAY AND JANET LAY v. STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION</u>, OGC CASE NOs. 01-0203, 01-0204, DOAH CASE NOs. 01-1541, 01-1542, CASE NOs. DEP01-0860, DEP01-0876

Here, said Defendants knew and concealed that nothing had ever *created* and/or *transferred* any property *interest* and/or *estate* in Plaintiffs' private Cayo Costa street and alley easements and Plaintiffs' adjoining private riparian street easement and street lands along the ordinary high water mark of the "Gulf of Mexico" to Lee County, Florida.

162.   Defendants Lee County and its Commissioners knew and concealed that the forged "Lee County" *ownership* "claim" was, e.g.:

    a.   Fabricated;

    b.   Facially fraudulent;

    c.   Facially frivolous;

    d.   Facially factually and legally impossible;

    e.   Controverted by the Lee County Grantor/Grantee Index;

    f.   Controverted by the 1912 Cayo Costa Subdivision Plat, PB 3, PG 25;

g.   Never any *genuine issue of material fact*;

h.   Never *asserted* by Lee County;

i.   Never *asserted* by any "*legislator*";

j.   A facial fraud and extortion scheme.

## VIOLATIONS OF 4TH, 14TH, AND 5TH U.S. CONSTITUTIONAL AMENDMENTS

163.   Here, said Defendants fraudulently concealed that no *legislator* could have *possibly involuntarily divested* the Plaintiff unimpeachable record owners of riparian Gulf-font Parcel 12-44-20-01-00015.015A in the prima facie absence of, e.g., any

a.   *Title* in the name of Lee County;

b.   *Eminent domain* due process and/or proceedings;

c.   *Adverse possession* proceedings and/or due process;

d.   *Involuntary alienation* whatsoever;

e.   *Court judgment* and/or lawful *title transfer*.

Here, Defendants Lee County had <u>no</u> *authority* and/or *purpose* whatsoever to illegally confiscate and/or seize Plaintiffs' Constitutionally protected property in violation of the 4th, 14th, and 5th Federal Constitutional Amendments.

## OBSTRUCTION OF JUSTICE AND REAL PROPERTY & CONSTITUTIONAL LAW

164.   Said Defendants deliberately obstructed the just and timely adjudication of the *pro se* Plaintiff riparian street and subject Parcel owners' claims for relief by fraudulently pretending, e.g., "*frivolity*" of Plaintiffs' causes of action and allegations, which had been conclusively proven by the public record evidence such as, e.g., PB 3, PG 25 (1912). Said Defendants deliberately deprived and defrauded the Plaintiff riparian street land owners under fraudulent pretenses of "*frivolity*" and a "Lee County" "*resolution*" ["O.R. 569/875"],

which they concealed, and conspired to conceal, could not have *possibly created* and/or *transferred* any *interest* and/or *estate* to Lee County, Florida. Here, said Defendants interfered with the orderly administration of justice and real property law by giving false information and withholding evidence. In particular, said Defendants gave false and fraudulent information about

a. "Lee County" facial forgery "O.R. 569/875", which on its face, was not any *instrument*, *muniment of title*, or *conveyance*, but a prima facie fraud scheme and scam, which could not have *possibly created* and/or *transferred* any *title*, *interest*, and/or *estate* to Lee County, Florida;

b. "Lee County" facially forged "*parcel 12-44-20-01-00000.00A0*", which A. C. Roesch had never *platted*, *subdivided*, or *legally described* in reference to said 1912 record Subdivision Plat.

c. "Lee County" facially forged "*parcel 07-44-21-01-00001.0000*", which A. C. Roesch had never *platted*, *subdivided*, or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

d. "Lee County" facially forged "*park*", which A. C. Roesch had never *platted*, *subdivided*, or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

e. "Lee County" forged and un-asserted sham "claim", which the law does not recognize;

f. Plaintiffs' unimpeachable and unencumbered record title to their adjoining platted riparian "paper" street lands and private street easement, which admittedly and indisputably touch and abut the "Gulf of Mexico" [see PB 3, PG 25, www.LeeClerk.org; public recordings of 11/17/2009 Lee County Value Adjustment Board Hearing: testimony and perjury of Defendant Roger Alejo];

67

g.  Plaintiffs' unimpeachable and unencumbered marketable record title to their adjoining riparian subject Parcel # 12-44-20-01-00015.015A, which extends to the ordinary high water mark of the "Gulf of Mexico" as platted and surveyed by, e.g., Measurement Science Corporation in 2008;

h.  Plaintiffs' unimpeachable and perfected marketable record title to their adjoining riparian "paper" street [unimpeachable title to which runs with Plaintiffs' marketable title to subject Parcel # 12-44-20-01-00015.015A], which Florida's self-enforcing Marketable Record Title Act had automatically quieted in the early part of the last century.

165.  On 04/21/2009, the 11th Federal Appellate Circuit had dispositively declared the Plaintiffs the unimpeachable record owners of their riparian Gulf-front subject Parcel # 12-44-20-01-00015.015A, marketable unencumbered title to which had been automatically quieted by Florida's self-enforcing Marketable Record Title Act:

> "The [Plaintiffs'-]Appellants' Lot 15A [riparian Gulf-front Parcel 12-44-20-01-00015.015A, Lee County Plat Book 3, p. 25 (1912)] is on the west side of the Cayo Costa Subdivision <u>on the Gulf of Mexico</u> and is <u>adjacent to</u> land that was claimed through resolution 569/875 to create the Cayo Costa State Park."

See PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631.

Here, said Defendants fraudulently concealed that the "Cayo Costa State Park" is "*adjacent to*" and entirely North of the riparian private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912). <u>No</u> "*park*" exists in the riparian and facially undedicated private Cayo Costa Subdivision pursuant to said 1912 Subdivision Plat of Survey.

## PUBLIC CORRUPTION

166.  Said Defendants perverted and materially misrepresented the conclusive public record evidence with the intent to give advantage to the State of Florida, Lee County, Florida, and Governmental Officials inconsistent with their official and fiduciary duties and the rights of

68

the Plaintiff unimpeachable riparian street and subject Parcel Owners. Here at Plaintiffs' expense and injury, said Defendants fraudulently procured rights for the State, "Lee County", and Officials contrary to Plaintiffs' Constitutionally protected right to own and exclude Government(s) and the public from their private undedicated riparian Gulf-front street and subject Parcel.

167.    Here, said Defendants and the other corrupt Governmental Officials fraudulently concealed and conspired to conceal that the "Lee County" forgeries could not have possibly put a "cloud" on Plaintiffs' unimpeachable and unencumbered marketable record title to their riparian Gulf-front street and subject Parcel pursuant to Florida's self-enforcing Marketable Record Title Act.

168.    Plaintiffs' unimpeachable marketable record title in reference to said 1912 Plat showed not only the intent to convey the property as platted, but also an intention to convey all property and all interest that the Grantor, A. C. Roesch, had in any of the streets and alleys included in said 1912 Plat referred to, PB 3, PG 25, pursuant to the record Federal Land Patent root title in the Lee County Grantor/Grantee Index and U.S. Index. This necessarily included the conveyance of any and all streets and alleys. There is nowhere any language that shows any intent on the part of the Grantor to reserve any land. Here, the conveyance was made according to a Plat and conveyed all interest in the platted streets and alleys. Here, Plaintiffs' unimpeachable record conveyance gave their conveyed riparian Gulf-front street land the natural water boundary of the "Gulf of Mexico" [as admitted on 11/17/2009 by Defendant Alejo under oath] and consequent unimpeachable record riparian rights. Here, the Plaintiffs are unimpeachable record riparian owners, just like the Grantor, A. C. Roesch, with all rights and privileges thereto attached.

.

169.   The 3 (three) publicly recorded plats of the facially riparian undedicated private residential Cayo Costa Subdivision, Lee County Plat Book 1, pages 48, 51, 52, which preceded the 1912 Plat, had conclusively proven the equal riparian rights of the Plaintiff Grantees, who are successors-in-title to Grantor A. C. Roesch. Here, the Plaintiff Grantees had the very same and equal conveyed riparian rights of Grantor A. C. Roesch, which included the publicly recorded right to receive accretions onto Plaintiffs' Gulf-front street.

170.   Here, A. C. Roesch had received <u>all</u> of the riparian Gulf-front subject Parcel # 12-44-20-01-00015.<u>015A</u> by process of ACCRETIONS, hence the "<u>A</u>" in "015<u>A</u>" for "<u>ACCRETIONS</u>", and the Plaintiff Grantees had the equal record riparian rights of A. C. Roesch.

171.   The judicial determination of record Cayo Costa riparian ownership had also been made in <u>JOHN LAY AND JANET LAY</u> v. <u>STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION</u>, OGC CASE NOs. 01-0203, 01-0204, DOAH CASE NOs. 01-1541, 01-1542, CASE NOs. DEP01-0860, DEP01-0876, and the Federal Courts must give full faith and credit to said ruling of record Cayo Costa riparian ownership with all appurtenant and vested riparian rights.

172.   Said corrupt Defendants knew and/or fraudulently concealed that

**"title to the lot owners extends to the outer limit of the street [Gulf of Mexico]."**

Here, the "*outer limit of the street*" was the platted natural boundary and monument of the "Gulf of Mexico", PB 3, PG 25 (1912). As admitted on 11/17/2009 under oath by Defendant Roger Alejo, Lee County Appraiser/Agricultural Specialist, Plaintiffs' riparian street extended to the ordinary high water mark of the "Gulf of Mexico". <u>See</u> Transcript of 11/17/2009 Value Adjustment Board Hearing. <u>See</u> also public recording on You Tube,

70

Google Video, AOL Video, etc. Therefore here, the record depth of Plaintiffs' subject Parcel increased from 190 feet [130 ft (riparian upland) + 60 ft (riparian Gulf front street)] at the time of the Subdivision platting in 1912, PB 3, PG 25, to more than 2,300 ft in 2008. Here, the Defendants knew that Defendant Roger Alejo had perjured himself when Alejo fraudulently and falsely pretended a purported depth of "*135 ft*". Here, the Defendants knew that the depth of Plaintiffs' riparian Gulf-front street alone was more than 2, 180 feet, and that "*135 ft*" could <u>not</u> have *possibly* reached "*the outer limit of the street*", i.e., the shoreline of the "Gulf of Mexico".

Plaintiffs' unimpeachable record ownership of the accretion to the street was patently clear. As stated by Florida Attorney William L. Stewart, Stewart Keyes, in a 05/14/1997 letter on record:

> **"You have asked me about the ownership of the accretion to the area between Lots 2 and 3, Block 14, Second Revised Plat of Cayo Costa Subdivision and the Gulf of Mexico. The Plat of this subdivision does <u>not</u> have any *dedication* of easements for any purpose. It divides the property into numbered blocks with spaces between, which are obviously intended to be roads."**

> **"Our Supreme Court has repeatedly held that when a lot on a subdivision plat borders on a street, each lot owner owns to the street, and when the street is on the border of the subdivider's property, title to the lot owners extends to the outer limit of the street. In the case of <u>Caples v. Taliaferro</u>, 197 So.861 the Supreme Court said:**

> > **'There are also authorities holding that when a street of highway is laid out wholly on the margin of a grantor's land, a conveyance of the lands abutting such street or highway carried the fee to the entire width of such street or highway...'"**

> **"There now appears to be considerable accretion to this street bordering these lots. Since title to the land under the street belongs to you the accretion belongs to you. In the case of <u>Mexico Beach Corporation v. St. Joe Paper Corporation</u>, 97 So.2d 708, the Court said:**
> > **'The common-law rule which vests title to soil formed along navigable waters by accretion or reliction in owners of abutting land is in force in Florida.'"**

71

173.    Here, unimpeachable record title to the land under Plaintiffs' adjoining riparian Gulf-front street and the "considerable accretions thereto" belonged to the Plaintiffs as dispositively declared by the U.S. Court of Appeals for the 11th Circuit on 04/21/2009:

> "The [Plaintiffs'-]Appellants' Lot 15A [riparian Gulf-front Parcel 12-44-20-01-00015.015A, Lee County Plat Book 3, p. 25 (1912)] is on the west side of the Cayo Costa Subdivision on the Gulf of Mexico and is adjacent to land that was claimed through resolution 569/875 to create the Cayo Costa State Park."

See PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631. Here, said U.S. Court of Appeals followed Murrell v. United States, 269 F.2d 458 (5th Cir.1959) and West Peninsular Title Co. v. Palm Beach County, 41 F.3d 1490, 1492 n.4 (11th Cir.), cert. denied, 516 U.S. 932, 116 S. Ct. 338, 133 L. Ed. 2d 237 (1995), in which the 11th Circuit relied on said Florida Supreme Court ruling.

174.    Here, the Plaintiffs were entitled to summary judgment in favor of Plaintiff unimpeachable record riparian street owners, because there was no *genuine issue of material fact*. Florida's self-enforcing Marketable Record Title Act had automatically quieted Plaintiffs' unencumbered and unimpeachable marketable record title to Plaintiffs' riparian street and subject Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico".

175.    Here, named party Defendant objectively partial and corrupt U.S. Judge Richard A. Lazzara perpetrated extrinsic fraud and fraud on the Courts when he fraudulently pretended "*frivolity*", fixed Plaintiffs' Cases, and kept the *pro se* Plaintiffs away from the Court(s) in exchange for Defendants' bribes. Under public policy, Richard A. Lazzara has no *immunity* for his crimes, and the Plaintiffs are entitled to relief from Lazzara's fraudulent Judgments in the related and/or associated Cases.

176.    Here in particular, Defendant corrupt Judge Lazzara fraudulently concealed that the Supreme Cout held that if the subdivider's offer to dedicate land for street purposes, as

72

evidenced by his plat, was <u>never</u> *accepted* or if such offer to *dedicate* was *accepted* and lawfully surrendered, the holder of title to property abutting such tract so offered for *dedication* held title to the middle of the street, as shown by the plat, relieved of the easement so far as the public was concerned. There are also authorities holding that when a street or highway is laid out wholly on the margin of a grantor's land, a conveyance of the lands abutting such street or highway carries the fee to the entire width of such street or highway unless expressly reserved.

177.   Rather than *answer intelligently* and *with integrity,* Lazzara criminally corrupted the judical process, real property, and Constitutional law. In particular, Lazzara perverted Florida Supreme Court jurisprudence such as, e.g., <u>Burns v. McDanial</u>, 104 Fla. 526, 140 So. 314. Lazzara's depravity is a disgrace and undermines public policy of stability of title to real property. Lazzara is to be impeached for his crimes and corruption. Here, Plaintiff marketable record title holders and owners of the entire width of their riparian Gulf-front street could <u>not</u> have *possibly* been "*frivolous*" and/or "*vexatious*" when they vindicated their fundamental Constitutional rights to own their riparian street property against the criminal acts by corrupt Governmental Officials such as, e.g., Richard A. Lazzara.

## DEFENDANT CHARLIE GREEN

178.   The Plaintiff declared unimpeachable record owners of said platted riparian subject Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" sue Defendant Charlie Green in his private individual and official capacity [Clerk of Lee County Courts].

179.   This legal action is also based on Defendant Charlie Green's criminal acts of record, which include, e.g., official policy to deliberately deprive, fraud, trespass, and conspiracy under false and fraudulent pretenses that Plaintiffs' private real property and/or riparian Gulf-

73

front street lands are a purported *"park"* and/or forged and non-existent "parcel 12-44-20-01-00000.00A0". Defendant Green knew that said fictitious "parcel" was never *subdivided* or *platted* by original Owner A. C. Roesch in 1912, PB 3, PG 25; and that the forged and un-platted *"park"* does not *legally exist* in the facially private undedicated residential Cayo Costa Subdivision.

## FRAUDULENT CONCEALMENT

180.    Defendant Charlie Green fraudulently concealed that prima facie "Lee County" sham "claim" and scam "O.R. 569/875"

a.  Was <u>not</u> any *instrument, muniment of title,* or *writing*;

b.  Did <u>not</u> *create* or *transfer* any *interest* and/or *estate* to Lee County, Florida;

c.  <u>Never</u> *legally existed*;

d.  Was <u>never</u> *legally recorded*;

e.  Did <u>not</u> *involuntarily divest* the Plaintiff declared unimpeachable record *fee simple* owners of said private street and alley easements of their Constitutionally protected property, PB 3, PG 25 (1912);

f.  Did <u>not</u> *involuntarily divest* the Plaintiff declared unimpeachable record *fee simple* owners of said private adjoining riparian street lands and street easement along the ordinary high water mark of the "Gulf of Mexico", PB 3, PG 25 (1912);

g.  Was null and void and without any *legal effect*;

h.  Was <u>never</u> *signed, executed,* and/or *sealed* by the governing body of Lee County, FL;

i.  Was a facial fraud and extortion scheme;

j.  Was a forged "land" "claim";

k.  Could <u>not</u> have *possibly involuntarily alienated* Plaintiffs' private riparian "paper" street lands and private street easement on the "Gulf of Mexico";

l.  Could <u>not</u> have *possibly involuntarily alienated* Plaintiffs' admittedly private riparian street and alley easements across the facially undedicated private residential Cayo Costa Subdivision as legally described by reference to said 1912 Subdivision Plat of Survey, PB 3, PG 25.

## FRAUDULENT CONCEALMENT OF PRIVATE STREET & ALLEY EASEMENTS, LEE COUNTY PLAT BOOK 3, PAGE 25 (1912); WWW.LEECLERK.ORG

181.  Defendant Charlie Green knew and/or fraudulently concealed that

**"The plat for Cayo Costa Subdivision [Lee County  Plat Book 3, p. 25 (1912)] indicates a 60-foot wide roadway easement."**
**"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The recorded plat designates roadways throughout the subdivision; however, there is <u>no</u> *dedication* of the roads *to the public* indicated on the plat."**

<u>See</u> 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

<u>see</u> **www.LeeClerk.org**; PB 3, PG 25 (1912).

182.  Here, in the known and publicly recorded prima facie <u>absence</u> of any *dedication* of the private platted "paper" street and alley easements, PB 3, PG 25 (1912), *to the public*, said Defendant Green and the other Officials knew that Lee County, Florida, could <u>not</u> have *possibly* been the *owner* of Plaintiffs'

a.  Record private Subdivision street and alley easements as conveyed by implied covenant;

b.  Record private adjoining riparian street lands and street easement along the natural boundary of the "Gulf of Mexico", which were conveyed as an integral part of Plaintiffs' riparian subject Parcel # 12-44-20-01-00015.015A, PB 3, PG 25.

75

## FORGERY

183.    Defendant Charlie Green falsely made and/or materially altered, with intent to defraud, forged "claim" "O.R. 569/875". The public record evidenced different "versions" of purported unsigned and unexecuted "claim" "O.R. 569/875" with, e.g., differing fonts and font sizes. Defendant Green fraudulently and falsely pretended *genuineness of execution* of said facial scam "O.R. 569/875" even though Defendant Green knew that

a.    Lee County had <u>never</u> *signed* and *executed* said facial sham "claim" and scam;

b.    Lee County had <u>never</u> *sealed* said sham paper and forgery;

c.    Former Clerk Farabee's seal had been "lifted" and "transplanted".

184.    Green fraudulently concealed "Lee County" facial forgeries of

a.    Non-existent and unplatted "parcel 07-44-21-01-00001.0000";

b.    Non-existent and unplatted "parcel 12-44-20-01-00000.00A0";

c.    An un-platted and non-existent "*park*", which was never *subdivided* and/or *dedicated* to the public, PB 3, PG 25 (1912).

Here, Defendant Green knew that <u>no</u> *platted legal descriptions* in reference to Plat Book 3, p. 25 (1912) of forged and un-platted fake "parcels" 07-44-21-01-00001.0000" and "12-44-20-01-00000.00A0" appeared in said scam "O.R. 569/875".

## FALSE PRETENSES

185.    Defendant Green's alterations of said unsigned and unexecuted sham "claim" gave rise to the issuance of fake record "O.R. 569/875" and amounted to the crime of false pretenses. Here, Defendant Green knew, concealed, and conspired to conceal that no *law, resolution, official Lee County record*, or *legislative act* could have *possibly involuntarily divested* the

76

Plaintiff unimpeachable record owners of their Constitutionally protected property [riparian Gulf-front subject Parcel # 12-44-20-01-00015.015A].

## OBSTRUCTION OF JUSTICE AND REAL PROPERTY & CONSTITUTIONAL LAW

186.    Said Defendant Green deliberately obstructed the just and timely adjudication of the *pro se* Plaintiff riparian street and subject Parcel owners' claims for relief by fraudulently pretending, e.g., *"frivolity"* of Plaintiffs' causes of action and allegations, which had been conclusively proven by the public record evidence such as, e.g., PB 3, PG 25 (1912). Said Defendants deliberately deprived and defrauded the Plaintiff riparian street land owners under fraudulent pretenses of *"frivolity"* and/or a "Lee County" *"resolution"* ["O.R. 569/875"], which they concealed, and conspired to conceal, could not have *possibly created* and/or *transferred* any *interest* and/or *estate* to Lee County, Florida. Here, said Defendants interfered with the orderly administration of justice and real property law by giving false information and withholding evidence. In particular, said Defendant Green gave false and fraudulent information about

a.    "Lee County" facial forgery "O.R. 569/875", which on its face, was null and void, not *legally recorded*, and not any *instrument, muniment of title*, or *conveyance*, but a prima facie fraud scheme and scam, which could not have *possibly created* and/or *transferred* any *title, interest*, and/or *estate* to Lee County, Florida;

b.    "Lee County" facially forged *"parcel 12-44-20-01-00000.00A0"*, which A. C. Roesch had never *platted, subdivided*, or *legally described* in reference to said 1912 record Subdivision Plat.

77

c.  "Lee County" facially forged "*parcel 07-44-21-01-00001.0000*", which A. C. Roesch had <u>never</u> *platted, subdivided*, or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

d.  "Lee County" facially forged "*park*", which A. C. Roesch had <u>never</u> *platted, subdivided*, or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

e.  "Lee County" forged and un-asserted sham "claim", which the law does <u>not</u> recognize;

f.  Plaintiffs' unimpeachable and unencumbered record title to their adjoining platted riparian "paper" street lands and private street easement, which admittedly and indisputably touch and abut the "Gulf of Mexico" [<u>see</u> PB 3, PG 25, www.LeeClerk.org; public recordings of 11/17/2009 Lee County Value Adjustment Board Hearing: testimony and perjury of Defendant Roger Alejo];

g.  Plaintiffs' Notices of ownership and Affidavits conclusively evidencing their unimpeachable riparian street and subject Parcel record ownership as filed with the Clerk of Lee County Courts in the Lee County Public Records;

h.  Plaintiffs' unimpeachable and unencumbered marketable record title to their adjoining riparian subject Parcel # 12-44-20-01-00015.015A, which extends to the ordinary high water mark of the "Gulf of Mexico" as platted and surveyed by, e.g., Measurement Science Corporation in 2008;

i.  Plaintiffs' unimpeachable and perfected marketable record title to their adjoining riparian "paper" street [unimpeachable title to which runs with Plaintiffs' marketable title to subject Parcel # 12-44-20-01-00015.015A], which Florida's self-enforcing Marketable Record Title Act had automatically quieted in the early part of the last century.

78

187.    On 04/21/2009, the 11th Federal Appellate Circuit had dispositively declared the Plaintiffs the unimpeachable record owners of their riparian Gulf-front subject Parcel # 12-44-20-01-00015.015A, marketable unencumbered title to which had been automatically quieted by Florida's self-enforcing Marketable Record Title Act:

> "The [Plaintiffs'-]Appellants' Lot 15A [riparian Gulf-front Parcel 12-44-20-01-00015.015A, Lee County Plat Book 3, p. 25 (1912)] is on the west side of the Cayo Costa Subdivision on the Gulf of Mexico and is adjacent to land that was claimed through resolution 569/875 to create the Cayo Costa State Park."

See PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631.

Here, said Defendant Charlie Green fraudulently concealed that the "Cayo Costa State Park" is "adjacent to" and entirely North of the riparian private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912). No "park" exists in the riparian and facially undedicated private Cayo Costa Subdivision pursuant to said 1912 Subdivision Plat of Survey.

## DEFENDANT KAREN B. HAWES

188.    The Plaintiff declared unimpeachable record owners of said platted riparian subject Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" sue Defendant Karen B. Hawes in her private individual and official capacity [Lee County Manager].

189.    This suit is also based on Defendant Karen B. Hawes' unlawful acts of record, which include, e.g., official policy to deliberately deprive, fraud, trespass, arson, and the destruction of Plaintiffs' substantial property fencing and Cayo Costa property under false and fraudulent pretenses that Plaintiffs' private real property and/or riparian Gulf-front street lands are a purported "park" and/or forged and non-existent "parcel 12-44-20-01-00000.00A0". Defendant Hawes knew that said fictitious "parcel" was never subdivided or platted by original Owner A. C. Roesch in 1912, PB 3, PG 25; and that the forged and un-platted "park" does not legally exist in the facially private undedicated residential Cayo Costa Subdivision.

79

## **FRAUDULENT CONCEALMENT**

190.    Defendant Karen B. Hawes fraudulently concealed that prima facie "Lee County" sham "claim" and scam "O.R. 569/875"

a.   Did <u>not</u> *create* or *transfer* any *interest* and/or *estate* to Lee County, Florida;

b.   Was <u>not</u> any *instrument, muniment of title,* or *writing*;

c.   <u>Never</u> *legally existed*;

d.   Was <u>never</u> *legally recorded*;

e.   Did <u>not</u> *divest,* and could <u>not</u> have *possibly involuntarily divested* the Plaintiff declared unimpeachable record *fee simple* owners of said private street and alley easements of their Constitutionally protected property, PB 3, PG 25 (1912);

f.   Did <u>not</u> *involuntarily divest* the Plaintiff declared unimpeachable record *fee simple* owners of said private adjoining riparian street lands and street easement along the ordinary high water mark of the "Gulf of Mexico", PB 3, PG 25 (1912);

g.   Was null and void and without any *legal effect*;

h.   Was never *signed, executed,* and/or *sealed* by the governing body of Lee County, FL;

i.   Was a facial fraud and extortion scheme;

j.   Was a forged sham "land" "claim";

k.   Could <u>not</u> have *possibly involuntarily alienated* Plaintiffs' private riparian "paper" street lands and private street easement on the "Gulf of Mexico";

l.   Could <u>not</u> have *possibly involuntarily alienated* Plaintiffs' admittedly private riparian street and alley easements across the facially undedicated private residential Cayo Costa Subdivision as legally described by reference to said 1912 Subdivision Plat of Survey, PB 3, PG 25.

**FRAUDULENT CONCEALMENT OF PRIVATE STREET & ALLEY EASEMENTS,**

**LEE COUNTY PLAT BOOK 3, PAGE 25 (1912); WWW.LEECLERK.ORG**

191.    Defendant Karen B. Hawes knew and/or fraudulently concealed that

**"The plat for Cayo Costa Subdivision [Lee County  Plat Book 3, p. 25 (1912)]
indicates a 60-foot wide roadway easement."**
**"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The
recorded plat designates roadways throughout the subdivision; however, there is
no _dedication_ of the roads _to the public_ indicated on the plat."**

See 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

see **www.LeeClerk.org**; PB 3, PG 25 (1912).

192.    Here, in the known and publicly recorded prima facie absence of any _dedication_ of the

private platted "paper" street and alley easements, PB 3, PG 25 (1912), _to the public_, said

Defendant Hawes and the other Officials knew that Lee County, Florida, could not have

_possibly_ been the _owner_ of Plaintiffs'

a.    Record private Subdivision street and alley easements as conveyed by implied covenant;

b.    Record private adjoining riparian street lands and street easement along the natural

boundary of the "Gulf of Mexico", which were conveyed as an integral part of Plaintiffs'

riparian subject Parcel # 12-44-20-01-00015.015A, PB 3, PG 25.

**DEFENDANT ROGER DESJARLAIS**

193.    The Plaintiff declared unimpeachable record owners of said platted riparian subject

Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" sue Defendant Roger Desjarlais

in his private individual and official capacity ["Deputy Chief"; Lee County Property

Appraiser's Office].

194.    This legal action is also based on Defendant Roger Desjarlais' criminal acts of record

such as, e.g., deliberate deprivations, fraud, and conspiracy under 18 U.S.C. §§ 241, 242.

81

## FRAUDULENT CONCEALMENT

195.    Maliciously, Defendant Roger Desjarlais misconstrued the 1912 record Plat of Survey of the undedicated private residential Cayo Costa Subdivision. Said Defendant knew and concealed that pursuant to said 1912 record Plat, all lands between the natural boundaries of the "Gulf of Mexico" on the West side and "Charlotte Harbor" on the East side of said Lee County residential private undedicated Subdivision have been the "property of A.C. Roesch" and/or his successors-in-title, who paid any and all property taxes since 1912. Because Lee County, FL, had _never_ paid _any property taxes_, and/or _asserted_ any _claim_, _adverse possession_ was factually and legally impossible. _No eminent domain_ judicial proceedings ever took place. Desjarlais fraudulently concealed and conspired to conceal that only a judgment in a court of law pursuant to Florida's strict _eminent domain_ and/or _adverse possession_ Statutes could have _possibly transferred_ record title to Lee County, FL.

196.    Here, Defendant Desjarlais knew and concealed that the Plaintiff unimpeachable record owners hold exclusive unencumbered and automatically quieted record title to the Lee County riparian subject Parcel # 12-44-20-01-00015.015A, which touches the "Gulf of Mexico", Plat Book 3, page 25 (1912). In particular, Desjarlais knew that any and all "Lee County" _involuntary alienation_ "claims" were factually and legally impossible and fraudulent. _No judicial due process_ and/or _proceedings_ had ever taken place. _No title_ ever _transferred_ to Lee County, FL.

197.    Defendant Roger Desjarlais fraudulently concealed

   a.   Plaintiffs' true marketable and automatically quieted record title to;

   b.   Plaintiffs' true and unimpeachable riparian record ownership of;

   c.   The true record legal boundary of the "Gulf of Mexico" on the West side of;

82

    d.  The true record Parcel area of more than 2.6 Acres of; and

    e.  The true record Parcel depth of more than 2,300 ft of

Plaintiffs' riparian 2.6 plus Acres Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico", PB 3, PG 25 (1912).

198.    Defendant Roger Desjarlais fraudulently concealed, e.g., the

    a.  Fraud of facially forged and unplatted "Lee County" "parcel 12-44-20-01-00000.00A0";

    b.  Fraud of facially forged and unplatted "Lee County" "parcel 07-44-21-01-00001.0000";

    c.  Fraud of forged "Lee County" "claim" "O.R. 569/875", which never *legally existed*;

    d.  Facial fraud of a forged and unplatted "park", which never *legally existed*, PB 3, PG 25;

    e.  Fraud of falsely pretended *involuntary alienation* by facial scam "O.R. 569/875".

199.    Defendant Roger Desjarlais knew and fraudulently concealed that

    a.  Lee County <u>never</u> held any record *title* to Plaintiffs' riparian 2.6 plus Acres Parcel # 12-44-20-01-00015.015A, which admittedly adjoins and/or touches "the Gulf of Mexico".

    b.  <u>No</u> property *interest* and/or *estate* in Plaintiffs' said 2.6 plus Acres riparian Parcel "on the Gulf of Mexico" ever *transferred* to Lee County;

    c.  The Plaintiffs hold exclusive unimpeachable marketable record title to riparian Parcel # 12-44-20-01-00015.015A, which admittedly abuts and touches "the Gulf of Mexico";

    d.  Florida's Marketable Record Title Act [M.R.T.A.] had automatically quieted and perfected Plaintiffs' free and clear record title, which was derived from the Federal Land Patent recorded in the Lee County, Florida, public records and Grantor/Grantee Index.

    e.  Lee County never *owned* Plaintiffs' riparian 2.6 plus Acres Gulf-front Parcel # 12-44-20-01-00015.015A.

f. Lee County, Florida, never *asserted* any "claim" to Plaintiffs' riparian 2.6 plus Acres Parcel # 12-44-20-01-00015.015A, which abuts "the Gulf of Mexico".

g. Even if [merely *arguendo* and/or *hypothetically*] Lee County would have *asserted* a *colorable* "claim" [which Lee County never did], Florida's Marketable Record Title Act would have automatically extinguished and/or barred such a fictitious "*claim*";

h. The Lee County Property Appraiser's Office fraudulently pretended "Lee County" "*ownership*" of Plaintiffs' riparian street land and private street easement, which abuts the "Gulf of Mexico" [Parcel # 12-44-20-01-00015.015A] as subdivided and platted by the original Cayo Costa Subdivision Owner and Developer Alexander C. Roesch, PB 3, PG 25 (1912);

i. Defendants Roger Desjarlais and Kenneth M. Wilkinson fraudulently pretended "Lee County" "*ownership*" of Plaintiffs' riparian 2.6 plus Acres Parcel # 12-44-20-01-00015.015A, which abuts the "Gulf of Mexico" as admitted by Roger Alejo under oath on 11/17/2009, PM, and conclusively evidenced by said Plat Book 3, p. 25.

## FRAUDULENT CONCEALMENT OF PRIVATE STREET & ALLEY EASEMENTS, LEE COUNTY PLAT BOOK 3, PAGE 25 (1912); WWW.LEECLERK.ORG

200. Defendant Roger Desjarlais knew and/or fraudulently concealed that

"The plat for Cayo Costa Subdivision [Lee County Plat Book 3, p. 25 (1912)] indicates a 60-foot wide roadway easement."
"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The recorded plat designates roadways throughout the subdivision; however, there is no *dedication* of the roads *to the public* indicated on the plat."

See 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

see **www.LeeClerk.org**; PB 3, PG 25 (1912).

84

201.   Here, in the known and publicly recorded prima facie <u>absence</u> of any *dedication* of the private platted "paper" street and alley easements, PB 3, PG 25 (1912), *to the public*, said Defendant Desjarlais and the other Officials knew that Lee County, Florida, could <u>not</u> have *possibly* been the *owner* of Plaintiffs'

   a.   Record private Subdivision street and alley easements as conveyed by implied covenant;

   b.   Record private adjoining riparian street lands and street easement along the natural boundary of the "Gulf of Mexico", which were conveyed as an integral part of Plaintiffs' riparian subject Parcel # 12-44-20-01-00015.015A, PB 3, PG 25.

### MATERIAL AND MALICIOUS MISREPRESENTATION

202.   Defendant Roger Desjarlais materially and maliciously misrepresented

   a.   Plaintiffs' true, unimpeachable, and free and clear record ownership of;

   b.   Plaintiffs' true marketable, automatically quieted, and perfected record title to;

   c.   The true platted "Gulf of Mexico" record legal subject Parcel boundaries of;

   d.   The true record subject Parcel depth of more than 2,300 ft of; and

   e.   The true record subject Parcel area of more than 2.6 Acres of

Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico".

### VIOLATION OF HOUSE BILL 521

### WILLFUL USE OF FRAUDULENT & DECEPTIVE APPRAISAL METHODOLOGY

203.   With wanton disregard for the truth and conclusive public record evidence, Defendant Desjarlais violated House Bill 521 (H.B. 521). Here, Desjarlais knew that in the 2009 legislative session, an important change to Florida Statutes was passed and then approved by Governor Crist on June 4, 2009. <u>See</u> 194.301, F.S., as amended by Ch. 2009-121, Laws of Florida (H.B. 521). In this case, Defendant Desjarlais, the "Deputy Chief", had the burden of

proof, and perverted the truth. Here, Desjarlais knew, concealed, and conspired to conceal that the forged depth of "*135 feet*" could not have *possibly* been the true record subject Parcel depth of more than 2,300 feet. In particular, Desjarlais knew that more than 2,300 feet separated the Eastern subject Parcel boundary from the admitted Western "Gulf of Mexico" natural legal boundary on the record. See Defendant Desjarlais's Geographical Information System (G.I.S.) data on record.

204.  Pursuant to § 194.301, the Plaintiff exclusive property taxpayers and unimpeachable record title holders have been entitled to a determination by the Courts of the appropriateness of the appraisal methodology used in making the assessment and/or agricultural use classification of Plaintiffs' 2.6 plus Acres riparian Gulf-front Parcel. The value and use classification of Plaintiff Petitioners' Constitutionally protected property [Lee County riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico"] had to be determined by an appraisal methodology that complies with the criteria of § 193.011 and professionally accepted appraisal practices. Defendant Desjarlais knew that Defendant Alejo's perjury and forged "fixed boundary" and their fabrications of an un-platted and fictitious "135 ft x 50 ft" "lot" violated Ch. 193, and § 193.011. Here, Defendant Desjarlais knew and concealed that Defendant Alejo perjured himself and recklessly perverted of, e.g.:

a.  The true riparian Gulf-front subject Parcel area and/or size of more than 2.6 Acres;

b.  The true riparian Gulf-front subject Parcel depth of more than 2,300 feet to the "Gulf of Mexico";

c.  Plaintiffs' true unimpeachable record ownership of said 2.6 plus Acres riparian subject Parcel, which admittedly abuts and/or touches the "Gulf of Mexico".

86

Here, Defendant Roger Desjarlais knowingly used and conspired to use fraudulent appraisal methodology for the unlawful purpose of defrauding and deliberately depriving the Plaintiff unimpeachable record title holders of said automatically quieted, unencumbered and paramount title to said 2.6 plus Acres riparian subject Parcel.

## FORGERY

205.    Defendant Roger Desjarlais forged, and conspired to forge, e.g., the

    a.  Ownership data pertaining to;

    b.  Title information to;

    c.  Legal boundary data of;

    d.  Depth of; and

    e.  Area, size, and/or Acres of;

Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A, which admittedly is bounded by and touches the "Gulf of Mexico", PB 3, PG 25 (1912).

## BREACH OF PUBLIC TRUST

206.    Defendant Roger Desjarlais breached the public trust and wrongfully concealed

    a.  Plaintiffs' true, unimpeachable, and perfected record ownership of;

    b.  Plaintiffs' true marketable and automatically quieted record title to;

    c.  The true record "Gulf of Mexico" natural legal boundary of;

    d.  The true record subject Parcel depth of more than 2,300 ft of; and

    e.  The true record area of more than 2.6 Acres of

Plaintiffs' riparian Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" for the unlawful purpose of defrauding and deliberately depriving the Plaintiffs and unimpeachable

87

record owners of platted real property in the private undedicated residential Cayo Costa Subdivision, Lee County Plat Book 3, page 25 (1912).

## CIVIL AND CRIMINAL FRAUD

207.    Defendant Roger Desjarlais fraudulently pretended that

a.    The Plaintiffs allegedly did *not own* their riparian "paper" street lands and private street easements "on the Gulf of Mexico", which was a reckless perversion and misconstruction of Plaintiffs' grant in reference to said 1912 record Plat;

b.    The Plaintiffs purportedly did *not apply* for agricultural classification of their riparian Gulf-front lands and private accreted riparian Gulf-front street easement;

c.    Plaintiffs' riparian 2.6 plus Acres Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico" had

i.    A depth of only "*135 feet*" [rather than the true more than 2,300 feet to the natural "Gulf of Mexico" monument and boundary];

ii.    An area of only 6,750 square feet or approx. 0.15 Acres [rather than the true more than 2.6 plus Acres];

iii.    Plaintiffs' adjoining riparian street lands and private street easement were purportedly "*owned*" by "Lee County" in the prima facie absence of any "Lee County" *title* to Plaintiffs' platted record "paper" street and accretions thereto, which abut and/or touch the "Gulf of Mexico".

208.    Here, Defendant Roger Desjarlais' fraudulent concealment of the true platted record natural Parcel and Subdivision boundary of the "Gulf of Mexico" defrauded the Plaintiff unimpeachable record owners of, e.g.:

a. More than 94 [ninety four] % of their Constitutionally protected riparian lands and Parcel # 12-44-20-01-00015.015A "on the Gulf of Mexico";

b. Plaintiffs' private and unencumbered street and alley easements across said admittedly private undedicated residential Subdivision, PB 3, PG 25 (1912).

## DEFAMATION AND LIBEL

209.    When the Plaintiffs blew the whistle on said egregious fraud and public corruption, Defendants Roger Desjarlais and Kenneth M. Wilkinson defamed and conspired with other State and County Officials to defame the Plaintiffs as "*vexatious*" and "*litigious*". Rather than answer to Plaintiffs' conclusively proven allegations, said Defendants fraudulently pretended that Plaintiffs' claims for relief were "*frivolous*" and that Plaintiffs' owned a forged "0.15 Acres" "fixed boundary" lot rather than the record 2.6 plus Acres Parcel of public record, which forever is bounded by the ever-changing "Gulf of Mexico".

## DELIBERATE DEPRIVATIONS

210.    Defendant Roger Desjarlais knew and concealed that the Plaintiffs have a Constitutionally guaranteed right to own the entire width [50 ft] of their riparian street land and private implied street easement along the "Gulf of Mexico" [2.6 plus Acres riparian Parcel # 12-44-20-01-00015.015A] as platted and subdivided, Lee County PB 3, PG 25 (1912).

211.    Plaintiffs bought their riparian Gulf-front Parcel # 12-44-20-01-00015.015A in reference to said 1912 Plat of Survey of the undedicated private residential Cayo Costa Subdivision, Lee County Plat Book 3, p. 25 (1912).

212.    Defendant Roger Desjarlais deliberately deprived the Plaintiffs of their fundamental Constitutional right to own and exclude the Government and public from their

a. Private 2.6 plus Acres riparian Gulf-front Parcel # 12-44-20-01-00015.015A;

b. The platted private implied street and alley easements all over said undedicated private Subdivision, PB 3, PG 25.

## CONSPIRACY

213. Defendant Roger Desjarlais agreed and/or conspired with Defendant Kenneth M. Wilkinson and other Lee County Officials to fraudulently pretend, e.g., that

a. The Plaintiffs only own the paltry fraction of "*135' x 50'*" of their riparian Gulf-front Parcel # 12-44-20-01-00015.015A with a surveyed area (2008) of approximately more than 2.6 Acres in size. <u>See</u> Exhibit: 2008 Survey of Plaintiffs' 2.6 plus Acres riparian Gulf-front Parcel. <u>See</u> also Geographical Information System data for and Aerial Photography of Plaintiffs' 2.6 plus Acres riparian subject parcel at Defendants' website: **www.LeePA.org.**

b. The Plaintiff unimpeachable riparian record owners purportedly only own the paltry and un-platted area of *6,750 square feet* [*135' x 50'*] of their 2.6 plus Acres riparian subject Parcel # 12-44-20-01-00015.015A rather than the true record area of approximately more than 2.6 Acres as surveyed [*2,300 plus feet x 50 feet*];

c. Lee County owns Plaintiffs' riparian street lands and private street easement "on the Gulf of Mexico" in the prima facie absence of any Lee County *title, adverse possession, eminent domain,* and/or *involuntary alienation* proceedings.

## TRESPASS

214. Defendant Desjarlais and his material misrepresentation encouraged the public to trespass onto, e.g.,

a. Private Cayo Costa Subdivision lands, PG 3, PG 25;

b. Private implied Cayo Costa Subdivision street and alley easements, PB 3, PG 25 (1912);

c. Plaintiffs' 2.6 plus Acres riparian Parcel 12-44-20-01-00015.015A "on the Gulf of Mexico";

d. Plaintiffs' adjoining riparian "paper" street lands and private street easement along the "Gulf of Mexico" with a depth of more than 2,170ft [more than 2,300ft-130ft]

215. Defendant Desjarlais and his fraudulent data encouraged the public to start open fires, camp, and erect tents on Plaintiffs' private implied street and/or alley easements within the facially undedicated Cayo Costa Subdivision, PB 3, PG 25 (1912), which endangered the Plaintiffs' lives and destroyed their property. See, e.g., April 2008 Cayo Costa Fires Reports and Records.

## WIRE AND/OR INTERNET FRAUD

216. Defendant Desjarlais used the wires and/or Internet [see, e.g., **www.LeePA.org**] to materially misrepresent the true record riparian ownership of, e.g., Plaintiffs'

a. Record private Cayo Costa Subdivision street and alley easements, PB 3, PG 25 as conveyed by implied covenant;

b. Record adjoining riparian "paper" street lands and private street easement along the "Gulf of Mexico" with a depth of more than 2,170ft [more than 2,300ft-130ft].

## OBSTRUCTION OF JUSTICE AND REAL PROPERTY & CONSTITUTIONAL LAW

217. Defendant Roger Desjarlais perverted the truth and conclusive and reliable public record evidence of Plaintiffs' unimpeachable and unencumbered record ownership of and automatically quieted title to Plaintiffs'

a. Record private platted Cayo Costa Subdivision street and alley easements, PB 3, PG 25 as granted by implied covenant;

91

    b.  Record adjoining riparian "paper" street lands and private street easement along the "Gulf of Mexico" with a depth of more than 2,170ft [more than 2,300ft-130ft].

218.    Roger Desjarlais knew, fraudulently concealed, and conspired to conceal that the Plaintiffs have fundamental Constitutional rights to own and exclude Government(s) and the public from their

    a.  Private platted implied Cayo Costa Subdivision street and alley easements, PB 3, PG 25;

    b.  Plaintiffs' adjoining riparian "paper" street lands and private street easement along the "Gulf of Mexico" with a depth of more than 2,170ft [more than 2,300ft-130ft].

219.    Here, Defendant Desjarlais knew and fraudulently concealed that Lee County, Florida, never held *title* to Plaintiffs' said Constitutionally protected property. Said Defendant Desjarlais deliberately obstructed the just and timely adjudication of the *pro se* Plaintiff riparian street and subject Parcel owners' claims for relief by fraudulently pretending, e.g., "*frivolity*" of Plaintiffs' causes of action and allegations, which had been conclusively proven by the public record evidence such as, e.g., PB 3, PG 25 (1912). Said Defendants deliberately deprived and defrauded the Plaintiff riparian street land owners under fraudulent pretenses of "*frivolity*" and a "Lee County" "*resolution*" ["O.R. 569/875"], which they concealed, and conspired to conceal, could <u>not</u> have *possibly created* and/or *transferred* any *interest* and/or *estate* to Lee County, Florida. Here, said Defendant interfered with the orderly administration of justice and real property law by giving false information and withholding evidence. In particular, said Defendant Desjarlais gave false and fraudulent information about

    a.  "Lee County" facially forged "*parcel 12-44-20-01-00000.00A0*", which A. C. Roesch had <u>never</u> *platted, subdivided,* or *legally described* in reference to said 1912 record Subdivision Plat.

b. "Lee County" facial forgery "O.R. 569/875", which on its face, was not any *instrument, muniment of title*, or *conveyance*, but a prima facie fraud scheme and scam, which could not have *possibly created* and/or *transferred* any *title, interest*, and/or *estate* to Lee County, Florida;

c. "Lee County" facially forged "*parcel 07-44-21-01-00001.0000*", which A. C. Roesch had never *platted, subdivided*, or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

d. "Lee County" facially forged "*park*", which A. C. Roesch had never *platted, subdivided*, or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

e. "Lee County" forged and un-asserted sham "claim", which the law does not recognize;

f. Plaintiffs' unimpeachable and unencumbered record title to their adjoining platted riparian "paper" street lands and private street easement, which admittedly and indisputably touch and abut the "Gulf of Mexico" [see PB 3, PG 25, www.LeeClerk.org; public recordings of 11/17/2009 Lee County Value Adjustment Board Hearing: testimony and perjury of Defendant Roger Alejo];

g. Plaintiffs' unimpeachable and unencumbered marketable record title to their adjoining riparian subject Parcel # 12-44-20-01-00015.015A, which extends to the ordinary high water mark of the "Gulf of Mexico" as platted and surveyed by, e.g., Measurement Science Corporation in 2008;

h. Plaintiffs' unimpeachable and perfected marketable record title to their adjoining riparian "paper" street [unimpeachable title to which runs with Plaintiffs' marketable title to subject Parcel # 12-44-20-01-00015.015A], which Florida's self-enforcing Marketable Record Title Act had automatically quieted in the early part of the last century.

93

220.   On 04/21/2009, the 11th Federal Appellate Circuit had dispositively declared the Plaintiffs the unimpeachable record owners of their riparian Gulf-front subject Parcel # 12-44-20-01-00015.015A, marketable unencumbered title to which had been automatically quieted by Florida's self-enforcing Marketable Record Title Act:

> **"The [Plaintiffs'-]Appellants' Lot 15A [riparian Gulf-front Parcel 12-44-20-01-00015.015A, Lee County Plat Book 3, p. 25 (1912)] is on the west side of the Cayo Costa Subdivision <u>on the Gulf of Mexico</u> and is <u>adjacent to</u> land that was claimed through resolution 569/875 to create the Cayo Costa State Park."**

<u>See</u> PRESCOTT, No. 08-14846, 2009 U.S. App. LEXIS 8678, 2009 WL 1059631.

Here, said Defendant Desjarlais fraudulently concealed that the "Cayo Costa State Park" is "*adjacent to*" and entirely North of the riparian private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912). <u>No</u> "*park*" exists in the riparian and facially undedicated private Cayo Costa Subdivision pursuant to said 1912 Subdivision Plat of Survey. Here, Lee County <u>never</u> *asserted* any "*claim*". <u>No</u> *title* ever *transferred* to Lee County by virtue of the fraudulently pretended "*claim*".

**DEFENDANT(S) UNITED STATES ATTORNEY(S):**

**SEAN P. FLYNN; DAVID P. RHODES; A. BRIAN ALBRITTON; KENNETH STEGEBY**

221.   The Plaintiff declared unimpeachable record owners of said platted riparian subject Parcel # 12-44-20-01-00015.015A and riparian adjoining "paper" street lands "on the Gulf of Mexico" in the riparian private undedicated residential Cayo Costa Subdivision, PB 3, PG 25 (1912), sue the United States Attorney(s) and Officials in their private individual and official capacities [U.S. Attorney(s); defense counsel for recused Federal Judge John Edwin Steele; Richard A. Lazzara; Susan H. Black; Gerald B. Tjoflat; *et al.* U.S. Magistrates Sheri Polster Chappell; Mark Allan Pizzo; Douglas N. Frazier]. In particular, the named United States

94

Agents and Defendants are SEAN P. FLYNN; DAVID P. RHODES; E. KENNETH STEGEBY; BRIAN A. ALBRITTON.

## UNLAWFUL POLICY & CUSTOM OF FRAUD AND DELIBERATE DEPRIVATIONS

222.    This suit is also based on said U.S. Defendants' and Officials' criminal acts of record and said Defendants' policy and custom of deliberately depriving and defrauding the Plaintiff record owners under false and fraudulent pretenses of purported *"frivolity"* of the *pro se* Plaintiffs' causes of action and *governmental ownership* in the prima facie absence of any *government title* to, e.g.:

a.    Plaintiffs' private implied "paper" street and alley easements across the private undedicated residential Cayo Costa Subdivision, Plat Book 3, page 25 (1912), in Lee County, Florida;

b.    Plaintiffs' private adjoining riparian "paper" street lands and easement "on the Gulf of Mexico", Parcel # 12-44-20-01-00015.015A ["A" for "ACCRETED"], PB 3, PG 25.

223.    Said Defendants knew and fraudulently concealed that named party Defendant objectively partial and corrupt U.S. Judge Richard A. Lazzara was estopped from fraudulently and frivolously attacking the dispositive Declaration by the 11th Circuit that Plaintiffs are the unimpeachable riparian street record and subject Parcel owners under Florida's self-enforcing Marketable Record Title Act. Here, Lazzara corrupted the judicial process and perpetrated extrinsic fraud on the Court, from which the Plaintiff Owners seek relief in this independent action. See also Plaintiffs' Fed.R.Civ.P 60(b) Motions in the related Cases, which Lazzara corrupted.

## EXTENSION OF OBSTRUCTION OF CONST. GUARANTEED COURT ACCESS

224.   Said Defendants knew that objectively rogue Defendant Lazzara has a known and proven

history of rejecting pleadings and obstructing Plaintiffs' and other parties' court access. See

related Case Dockets.

### FRAUDULENT CONCEALMENT

225.   Said United States Defendant Attorneys knew and/or fraudulently concealed that

**"The plat for Cayo Costa Subdivision [Lee County  Plat Book 3, p. 25 (1912)]
indicates a 60-foot wide roadway easement."**
**"The plat to Cayo Costa Subdivision is recorded at Plat Book 3, Page 25. The
recorded plat designates roadways throughout the subdivision; however, there is
no _dedication_ of the roads _to the public_ indicated on the plat."**

See 12/29/2000 "Memorandum from the Office of [Lee] County Attorney, Joan C. Henry";

see **www.LeeClerk.org**; PB 3, PG 25 (1912).

226.   Here, in the known and publicly recorded prima facie _absence_ of any _dedication_ of the

private platted "paper" street and alley easements _to the public_ in said private undedicated

Subdivision, PB 3, PG 25 (1912), Defendant U.S. Attorney(s) and other Officials knew that

Lee County, Florida, could not have _possibly_ been the _owner_ of Plaintiffs'

a.   Record private Subdivision street and alley easements as conveyed by implied covenant;

b.   Record private adjoining riparian "paper" street lands and street easement along the

platted natural boundary of the "Gulf of Mexico", which were conveyed as an integral

part of Plaintiffs' riparian Gulf-front subject Parcel # 12-44-20-01-00015.015A, PB 3, PG

25 (1912).

227.   In the Federal Appellate Brief of Defendant U.S. District Judges Richard A. Lazzara,

John E. Steele, and Magistrates Mark A. Pizzo and Sheri Polster Chappell, Defendant U.S.

Attorneys A. Brian Albritton and David P. Rhodes stated on 07/30/2009:

"Specifically, they [Plaintiff unimpeachable record riparian street land and street easement owners] asserted that the district court "has subject matter of the serial 'case fixing' and civil rights violations [of, e.g., the 14th, 1st, 4th, 5th, and 7th Constitutional Amendments] by United States agents and/or judges, who conspired with the Defendant Appellees in this and the related action(s) to 'arbitrarily', 'capriciously', abusively, and oppressively confiscate, seize, and 'claim' uncertain 'raid/said lands' and 'accretions' for private use [a mixed question of law and fact] without, e.g., due process, equal protection, and any governmental police power or other authority, purpose, or conferred powers."

See Defendants' Brief in the U.S. Court of Appeals for the 11th Circuit, Case # 09-10752-DD, Jennifer Franklin Prescott *et al.* v. Richard A. Lazzara, *et al.*

## MATERIAL MISREPRESENTATION AND FRAUD

228.    Here, said Defendant U.S. Attorneys knew, fraudulently concealed, and conspired with other Governmental Officials to conceal that "Lee County" had <u>no</u> *authority, power,* and/or lawful *purpose* to 'arbitrarily', and 'capriciously' "confiscate, seize, and 'claim'" Plaintiff record riparian street and easement owners'

a.    Riparian Gulf-front "paper" street land and private riparian street easement "on the Gulf of Mexico" as legally described and conveyed to the Plaintiffs in reference to said 1912 Plat of Survey of the facially undedicated private Cayo Costa Subdivision;

b.    Riparian street and alley easements as platted throughout said Subdivision;

## EXTRINSIC FRAUD AND FRAUD ON THE COURT(S)

229.    Here, said Defendant Federal Attorneys fraudulently concealed that the Plaintiff unimpeachable record riparian "paper" street land owners [Gulf-front Parcel # 12-44-20-01-00015.015A]:

a.    Successfully defended their riparian Gulf-front street lands and private riparian street easement against any *condemnation,* direct or inverse, and *involuntary title transfer;*

97

b.   Successfully defended their riparian "paper" street lands along the "Gulf of Mexico" against forged, un-platted, and non-existent "parcel 12-44-20-01-00000.00A0", which does not appear on said Plat;

c.   Successfully defended their "paper" street and alley easements as legally described and conveyed by implied covenant in reference to said 1912 Plat against forged, un-platted, and non-existent "parcel 07-44-21-01-00001.0000", which does not appear on said Plat.

d.   Held automatically quieted and unencumbered record title to said riparian "paper" street lands and Gulf-front street easement pursuant to Florida's self-enforcing Marketable Record Title Act;

e.   Had highly meritorious Federal claims for relief;

f.   Were entitled directly under the Federal and Florida Constitutions to own and exclude the Defendant Government(s) and the public from their private riparian "paper" street lands and riparian street easement "on the Gulf of Mexico" as legally described and conveyed to the Plaintiffs in reference to said 1912 record Subdivision Plat of Survey, PB 3, PG 25 (1912);

g.   Were successors-in-title-and-interest to A. C. Roesch, the original Cayo Costa Subdivision Owner and Developer, as identified on the 1912 Plat of said prima facie undedicated private residential riparian Subdivision, which is bounded and touches the "Gulf of Mexico" on its Western natural boundary and "Charlotte Harbor" on its Eastern side;

h.   Successfully vindicated their unimpeachable riparian Gulf-front property ownership rights pursuant to Florida's self-enforcing Marketable Record Title Act, which had automatically quieted Plaintiffs' unimpeachable perfected marketable record title to their

riparian Gulf-front "paper" street lands and private Subdivision street and alley easements, PB 3, PG 25 (1912). See Google and You Tube searches of "12-44-20-01-00000.00A0" and "O.R. 569/875";

i.  Had conclusively evidenced fundamental Constitutionally protected rights under the 1st, 4th, 14th, 5th, and 7th U.S. Constitutional Amendments against Defendant Officials' property seizure, deliberate deprivations, fraud, and oppression. See 18 U.S.C. §§ 241, 242; 42 U.S.C. §§ 1983, 1985, 1988.

## OBSTRUCTION OF JUSTICE AND REAL PROPERTY & CONSTITUTIONAL LAW

230.   Said Defendant U.S. Attorneys deliberately obstructed the just and timely adjudication of the *pro se* Plaintiff riparian street owners' claims for relief by fraudulently pretending, e.g., "*frivolity*" of Plaintiffs' causes of action and allegations, which had been conclusively proven by the Lee County Grantor/Grantee Index and public record evidence such as, e.g., PB 3, PG 25 (1912). Said Defendants deliberately deprived and defrauded the Plaintiff riparian street land owners under fraudulent pretenses of "*frivolity*" and a "Lee County" "*resolution*" ["O.R. 569/875"], which they concealed, and conspired to conceal, could not have *possibly created* and/or *transferred* any *interest* and/or *estate* to Lee County, Florida. Here, said Defendant Federal Attorneys interfered with the orderly administration of justice and real property law by giving false information and withholding evidence. In particular, said Defendants gave false and fraudulent information about

a.  "Lee County" facial forgery "O.R. 569/875", which on its face, was not any *instrument, muniment of title,* or *conveyance,* but a prima facie fraud scheme and scam, which could not have *possibly created* and/or *transferred* any *title, interest,* and/or *estate* to Lee County, Florida;

b. "Lee County" facially forged "*parcel 12-44-20-01-00000.00A0*", which A. C. Roesch had <u>never</u> *platted, subdivided,* or *legally described* in reference to said 1912 record Subdivision Plat.

c. "Lee County" facially forged "*parcel 07-44-21-01-00001.0000*", which A. C. Roesch had <u>never</u> *platted, subdivided,* or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

d. "Lee County" facially forged "*park*", which A. C. Roesch had <u>never</u> *platted, subdivided,* or *legally described* in reference to said 1912 record Subdivision Plat, PB 3, PG 25;

e. "Lee County" forged and un-asserted sham "claim", which the law does <u>not</u> recognize;

f. Plaintiffs' unimpeachable and unencumbered record title to their adjoining platted riparian "paper" street lands and private street easement, which admittedly and indisputably touch and abut the "Gulf of Mexico" [<u>see</u> PB 3, PG 25, www.LeeClerk.org; public recordings of 11/17/2009 Lee County Value Adjustment Board Hearing: testimony and perjury of Defendant Roger Alejo];

g. Plaintiffs' unimpeachable and unencumbered marketable record title to their adjoining riparian subject Parcel # 12-44-20-01-00015.015A, which extends to the ordinary high water mark of the "Gulf of Mexico" as platted and surveyed by, e.g., Measurement Science Corporation in 2008;

h. Plaintiffs' unimpeachable and perfected marketable record title to their adjoining riparian "paper" street [unimpeachable title to which runs with Plaintiffs' marketable title to subject Parcel # 12-44-20-01-00015.015A], which Florida's self-enforcing Marketable Record Title Act had automatically quieted in the early part of the last century.

12. An Order **enjoining** any trespass onto Plaintiffs' private implied street and alley easements and onto Plaintiffs' adjoining riparian street lands and private street easement "on the Gulf of Mexico" by Lee County, the State of Florida, its Officials, and the public;

13. An Order **relieving** the Plaintiff unimpeachable record riparian Gulf-front street Owners from said extrinsic fraud, fraud on the courts, and fraudulent pretenses of "Lee County" *ownership* of non-existent and un-platted "parcels 12-44-20-01-00000.00A0" and "07-44-21-01-00001.0000" pursuant to said referenced 1912 Plat, PB 3, PG 25;

14. An Order for **punitive damages** against all Defendants;

15. An Order for **relief** from the fraudulent Judgments in the related Cases and Appeals;

16. An Order for the **impeachment** of named party Defendant objectively partial and corrupt U.S. District Judge Richard A. Lazzara, who fraudulently concealed Plaintiffs' unimpeachable riparian street Ownership as dispositively declared by the 11th Circuit on 04/21/2009;

17. An Order for the **impeachment** of named party Defendant objectively partial and corrupt U.S. District Judge Richard A. Lazzara, who extended said crimes, and public governmental corruption, forgeries, and fraud schemes under fraudulent and false pretenses of "*frivolity*";

18. An Order for the **recusal** of named party Defendant objectively corrupt and partial U.S. District Judge Richard A. Lazzara, because he was under an absolute self-enforcing recusal obligation under 28 U.S.C. § 455.


Respectfully submitted,

/S/JENNIFER FRANKLIN PRESCOTT
Crime and Public Corruption Victim; Plaintiff, *pro se*
P.O. BOX 845, Palm Beach, FL 33480
T: 561-400-3295

_____

/S/JORG BUSSE, M.D., M.M., M.B.A., C.P.M.
Public Corruption and Crime Victim; Plaintiff, *pro se*
State Certified Res. Appraiser; Licensed Real Estate Broker, Mortgage Broker, Appraisal
Instructor;
Consulate General of the Federal Republic of Germany
C/o Legal and Consular Department
100 N. Biscayne Blvd., Suite # 2200
Miami, FL 33132
and/or P.O. BOX 845, Palm Beach, FL 33480; T: 239-595-7074;
E-mail contact at: **http://VABLeeCounty.blogspot.com/** and/or JRBU@aol.com

180

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

ELECTRONIC

Dec 1 , 2009

DJ D.C.

## I. (a) PLAINTIFFS

Jennifer Franklin Prescott

**(b)** County of Residence of First Listed Plaintiff  *Palm Beach*
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jennifer Franklin Prescott
POB 845
Palm Beach, Florida 33480

## DEFENDANTS

Roger Alejo, et al

County of Residence of First Listed Defendant  *Palm Beach*
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09CV82359 KLR/AEV

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE                           DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Const. Viol. Constitutional Violations
Extrinsic Fraud

LENGTH OF TRIAL via  2  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  11-30-09  12-01-2009

FOR OFFICE USE ONLY
AMOUNT  350   RECEIPT #  726644