UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER FRANKLIN PRESCOTT; JORG
BUSSE,

                       Plaintiffs,

-vs-                                        Case No. 2:09-cv-791-FtM-36SPC

ROGER ALEJO; KENNETH M. WILKINSON;
JACK N. PETERSON; ROGER DESJARLAIS;
LEE COUNTY FLORIDA; LEE COUNTY
VALUE ADJUSTMENT BOARD; LORI L.
RUTLAND; STATE OF FLORIDA, BOARD of
TRUSTEES of the INTERNAL IMPROVEMENT
TRUST FUND; STATE OF FLORIDA,
DEPARTMENT of ENVIRONMENTAL,
Protection; CHAD LACH; REAGAN KATHLEEN
RUSSELL; KAREN B. HAWES; CHARLIE
GREEN; BOB JANES; BRIAN BIGELOW; RAY
JUDAH; TAMMY HALL; FRANK MANN;
UNITED STATES ATTORNEY(s); SEAN P.
FLYNN; E. KENNETH STEGEBY; DAVID P.
RHODES; A. BRIAN ALBRITTON; CYNTHIA A.
PIVACEK; JOHNSON ENGINEERING, INC.;
STEVEN CARTA; MIKE SCOTT; HUGH D.
HAYES; GERALD D. SIEBENS; STATE of
FLORIDA ATTORNEY GENERAL; WILLIAM
M. MARTIN; PETERSON BERNARD; SKIP
QUILLEN; TOM GILBERTSON; CHARLES
BARRY STEVENS,

                       Defendants.
_____

## **ORDER**

       This matter comes before the Court on the Defendants, A. Brian Albritton, David P. Rhodes, Sean P. Flynn, and E. Kenneth Stegeby's (USAO Defendants) Motion to Strike Plaintiffs' Notices (Doc. # 74, 75, and 76) and for an Award of Monetary Sanctions (Doc. #80) filed on March 9, 2010.

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

The UASO Defendants move to strike the Plaintiff's Motion for Judicial Notice of Appeal and Notice of Publications of Defendants' Fraud (Doc .# 74), Motion for Judicial Notice of Defendants' Fraud upon the Court and Notice of Publications of Defendants' Fraud (Doc. # 75), and Motion for Relief from Defendants' Fraud upon the Court and Notice of Publications of Defendants' Fraud (Doc. # 76), all filed on March 8, 2010, as an immaterial, impertinent and scandalous matter. The USAO Defendants further request the court exercise its inherent authority to award sanctions against Plaintiffs Prescott and Busse.

As grounds, the USAO Defendants state that all three Motions contain irrelevant, scandalous material, and that the Plaintiffs are merely using this case to harass any individual that has opposed them in their previous lawsuits. As an example, the Plaintiff referred to AUSA Jennifer Corinis as "Jennifer Whore Corinis." (Doc. # 75 ¶ 15). The Plaintiff continually asserts that Judges in the Middle District of Florida are corrupt and have participated in a conspiracy against him. The allegations appear to be based solely on the fact that the Plaintiff received adverse rulings from

judges in the Middle District of Florida and from the Eleventh Circuit. A review of the Plaintiff's filings demonstrate that the Plaintiff's Motions are immaterial and scandalous, and do not present legal arguments for the Court's review. Therefore, the Court finds good cause to strike the Motions.

The USAO Defendants also move the Court to impose sanctions, under Rule 11, on the Plaintiffs for bringing the Motions. The purpose of Rule 11 sanctions is to reduce frivolous claims defenses, or motions and to deter costly meritless maneuvers. Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001). Rule 11 requires district courts to impose appropriate sanctions, after notice and a reasonable opportunity to respond where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact and therefore has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. Ricccard v. Prudential Insurance Company, 307 F.3d 1277, 1294 (11th Cir. 2002) (citing Fed. R. Civ. P. 11(b)).

The USAO Defendant's Rule 11 Motion is due to be denied for failure to comply with the Rule's requirements. First, a motion for Rule 11 sanctions must be filed separately from other motions or requests. Nicarry v. Cannaday, 2006 WL 3931449 * 3 (M.D. Fla. December 7, 2006). Further, the motion must be served in accordance with Rule 5, but should not be presented to the court until after opposing counsel has been given a twenty-one (21) day "safe harbor" period in which to correct or withdraw the offending document. Id. (citing DeShiro v. Branch, 183 F.R.D. 281 (M.D.Fla.1998) (explaining in detail the "safe harbor" period). Here, the USAO Defendant's included the Rule 11 Motion with their Motion to Strike and they fail to comply with the "safety harbor" provision. Thus the Motion for Rule 11 Sanctions is due to be denied at this time. However, the Court cautions the Plaintiffs that future filings containing immaterial and scandalous matters may result in sanctions being imposed.

Accordingly, it is now

**ORDERED:**

The Defendants, A. Brian Albritton, David P. Rhodes, Sean P. Flynn, and E. Kenneth Stegeby's (USAO Defendants) Motion to Strike Plaintiffs' Notices (Doc. # 74, 75, and 76) and for an Award of Monetary Sanctions (Doc. #80) is **GRANTED** in part and **DENIED** in part.

(1) The Defendants, A. Brian Albritton, David P. Rhodes, Sean P. Flynn, and E. Kenneth Stegeby's (USAO Defendants) Motion to Strike Plaintiffs' Notices is **GRANTED**. The Clerk of the Court is hereby directed to **STRIKE** (Docs. # 74, 75, and 76).

(2) The Defendants, A. Brian Albritton, David P. Rhodes, Sean P. Flynn, and E. Kenneth Stegeby's (USAO Defendants) Motion for Rule 11 Sanctions is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 25th day of March, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record