UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER FRANKLIN PRESCOTT; JORG
BUSSE,

                Plaintiffs,

-vs-                                            Case No. 2:09-cv-791-FtM-36SPC

ROGER ALEJO; KENNETH M. WILKINSON;
JACK N. PETERSON; ROGER DESJARLAIS;
LEE COUNTY FLORIDA; LEE COUNTY
VALUE ADJUSTMENT BOARD; LORI L.
RUTLAND; STATE OF FLORIDA, BOARD of
TRUSTEES of the INTERNAL IMPROVEMENT
TRUST FUND; STATE OF FLORIDA,
DEPARTMENT of ENVIRONMENTAL,
Protection; CHAD LACH; REAGAN KATHLEEN
RUSSELL; KAREN B. HAWES; CHARLIE
GREEN; BOB JANES; BRIAN BIGELOW; RAY
JUDAH; TAMMY HALL; FRANK MANN;
UNITED STATES ATTORNEY(s); SEAN P.
FLYNN; E. KENNETH STEGEBY; DAVID P.
RHODES; A. BRIAN ALBRITTON; CYNTHIA A.
PIVACEK; JOHNSON ENGINEERING, INC.;
STEVEN CARTA; MIKE SCOTT; HUGH D.
HAYES; GERALD D. SIEBENS; STATE of
FLORIDA ATTORNEY GENERAL; WILLIAM
M. MARTIN; PETERSON BERNARD; SKIP
QUILLEN; TOM GILBERTSON; CHARLES
BARRY STEVENS,

                Defendants.

_____

**ORDER**

This matter comes before the Court on the Plaintiffs, Jennifer Franklin Prescott and Jorge Busse's Motion for Default Judgment in Plaintiffs' Favor (Doc. #89) filed on March 15, 2010.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). ABS-SOS Plus Partners Ltd. v. Vein Associates of America, Inc., WL 5191701 *1-2 (M.D. December 10, 2008) (citing DirecTV, Inc. v. Griffin, 290 F. Supp.2d 1340, 1343 (M.D. Fla.2003). A district court may also strike pleadings and direct a clerk to enter default against defendants who have made an appearance as a sanction for discovery abuses or the abandonment of defenses. Pickett v. Executive Preference Corporation, 2006 WL 2947844 (M.D. Fla. Oct.16, 2006) (striking defendant's pleadings for abandoning its defense, and directing Clerk to enter default against defendant).

The Federal Rules of Civil Procedure also gives a district court the power to enter a default, strike pleadings, or render judgment against a party that disobeys the court's discovery or pretrial scheduling orders. ABS-SOS Plus Partners Ltd., WL 5191701 *1-2 (citing Fed. R. Civ. P. 37(b)(2)(C) (The court may enter "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."); *see also* Fed.R.Civ.P. 16(f) (incorporating the sanction powers articulated in Rule 37(b)(2)(C) as applied to scheduling or pretrial orders).

In this instance, the Plaintiffs have failed to establish that the Defendants did not answer or that any Defendant failed to obey an order of the Court. Thus, there is no good cause to grant the requested relief. Furthermore, the Plaintiffs' Motion has no organization or legal reasoning. Instead it is a compilation of unsupported allegations and charges against any official that has rendered an adverse ruling against their position. The Motion requests relief ranging from a default judgment, injunctions, reconsideration, declaratory judgments, vacating and setting aside judgments against

the Plaintiff, compensatory damages, and punitive damages. Pursuant to Local Rule 3.01(a), "[i]n every motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five pages long." As such, the Plaintiff's Motion is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Jennifer Franklin Prescott and Jorge Busse's Motion for Default Judgment in Plaintiffs' Favor (Doc. #89) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  26th   day of March, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record