UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER FRANKLIN PRESCOTT; JORG
BUSSE,

                Plaintiffs,

-vs-                                                   Case No. 2:09-cv-791-FtM-36SPC

ROGER ALEJO; KENNETH M. WILKINSON;
JACK N. PETERSON; ROGER DESJARLAIS;
LEE COUNTY FLORIDA; LEE COUNTY
VALUE ADJUSTMENT BOARD; LORI L.
RUTLAND; STATE OF FLORIDA, BOARD of
TRUSTEES of the INTERNAL IMPROVEMENT
TRUST FUND; STATE OF FLORIDA,
DEPARTMENT of ENVIRONMENTAL,
Protection; CHAD LACH; REAGAN KATHLEEN
RUSSELL; KAREN B. HAWES; CHARLIE
GREEN; BOB JANES; BRIAN BIGELOW; RAY
JUDAH; TAMMY HALL; FRANK MANN;
UNITED STATES ATTORNEY(s); SEAN P.
FLYNN; E. KENNETH STEGEBY; DAVID P.
RHODES; A. BRIAN ALBRITTON; CYNTHIA A.
PIVACEK; JOHNSON ENGINEERING, INC.;
STEVEN CARTA; MIKE SCOTT; HUGH D.
HAYES; GERALD D. SIEBENS; STATE of
FLORIDA ATTORNEY GENERAL; WILLIAM
M. MARTIN; PETERSON BERNARD; SKIP
QUILLEN; TOM GILBERTSON; CHARLES
BARRY STEVENS,

                Defendants.
_____

**ORDER**

      This matter comes before the Court on the Plaintiffs, Jennifer Prescott and Dr. Jorge Busse's

Emergency Motion for Judicial Notice of Concealment of Evidence (Doc. # 101) filed on March 26,

2010; the Plaintiffs, Jennifer Prescott and Dr. Jorge Busse's Emergency Motion for Judicial Notice of Concealment of Evidence and Objection to Order (Doc. # 98) which was Procured by Fraud on the Court (Doc. # 102) filed in March 26, 2010; the Plaintiffs, Jennifer Prescott and Dr. Jorge Busse's Emergency Motion Objections to Order (Doc. # 98) and Judicial Notice of Concealment of Evidence (Doc. # 103) filed on March 26, 2010; the Plaintiffs, Jennifer Prescott and Dr. Jorge Busse's Emergency Motion to Enjoin the Case Fixing on Record and Conspiracy of Case Fixing (Doc. #106) filed on March 29, 2010; the The Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Miscellaneous Relief to Clear Judicial Error (Doc. # 107) filed on March 29, 2010; The Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion of the Dispositive Declaration of Plaintiffs' Record Ownership by U.S. Court of Appeals (Doc. # 108) filed on March 29, 2010; The Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Miscellaneous Relief Specifically Timely Objections to Clear Judicial Error (Doc. # 109) filed on March 29, 2010;   The Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Miscellaneous Relief (Doc. # 110) filed on March 29, 2010; The Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Injunction of Criminal Concealment and Striking of Document 76 by Judge Chappell (Doc. # 111) filed on March 29, 2010; and the Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Judicial Notice of Defendants' Fraud on the Court and Fraudulent Pleadings (Doc. # 112) filed on March 29, 2010.

In their Motions, the Plaintiffs continually assert that Judges in the Middle District of Florida, specifically the undersigned, and Judges on the Eleventh Circuit are corrupt and have participated in a conspiracy against him. The allegations appear to be based solely on the fact that the Plaintiff

received adverse rulings from judges in the Middle District of Florida and from the Eleventh Circuit. A review of the Plaintiff's filings demonstrate that the Plaintiff's Motions are immaterial and scandalous, and do not present legal arguments for the Court's review. Therefore, the Court finds good cause to deny the Motions.

The Plaintiffs also move in their Motion to Enjoin the Case Fixing on Record and Conspiracy of Case Fixing (Doc. #106) for the undersigned to recuse herself from this case. This is the fourth Motion for Recusal made by the Plaintiffs in this case.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Any doubt "must be resolved in favor of recusal." See Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001). When considering recusal, the potential conflict must be considered as it applies to the entire case. Id. at 1310-11. A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). However, a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require. United States vs. Malmsberry, 222F.Supp.2d 1345 (11th Cir. 2002) (citing United States vs. Greenspan, 26 F.3d 1001 (10th Cir. 1994)). The Court does not find after a thorough review of the record that the court's impartiality might reasonably be questioned based upon the facts cited in the Plaintiff's Motion.

Section 28 U.S.C. 455(b) spells out certain situations in which partiality is presumed and recusal is required.[1] After reviewing the explicitly enumerated conflicts of interest in which recusal is mandatory under section 455(b), if the Court does not find that any apply, the judge is obligated to continue to preside over the case. *See* <u>Lawal v Winners International Rests Co. Ops., Inc.</u>, 2006 WL 898180 at * 4 (N.D. Ga. April 6, 2006) (holding a trial judge has as much obligation not to recuse herself when there is no reason to do so as she does to recuse herself when the converse is true).

The Plaintiffs again seek for the undersigned to recuse herself based upon rulings that were adverse to the Plaintiffs' position. As the Court has explained in its prior Orders, receiving an adverse ruling from a judge is not a basis for recusal.

Accordingly, it is now

**ORDERED:**

(1) The Plaintiffs, Jennifer Prescott and Dr. Jorge Busse's Emergency Motion for Judicial Notice of Concealment of Evidence (Doc. # 101) is **DENIED**.

---

[1]Subsection 455 (b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."; 455 (b)(2): "[w]here in private practice [the judge] served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."; 455 (b)(3): where the judge "served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."; 455(b)(4): where a judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."; or 455(b)(5)(i): "[w]here he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... [i]s party to the proceeding, or an officer, director, or trustee of a party."; 455(b)(5)(ii): where the judge "or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... is acting as a lawyer in the proceeding."

(2) The Plaintiffs, Jennifer Prescott and Dr. Jorge Busse's Emergency Motion for Judicial Notice of Concealment of Evidence and Objection to Order (Doc. # 98) which was Procured by Fraud on the Court (Doc. # 102) is **DENIED**.

(3) The Plaintiffs, Jennifer Prescott and Dr. Jorge Busse's Emergency Motion Objections to Order (Doc. # 98) and Judicial Notice of Concealment of Evidence (Doc. # 103) is **DENIED**.

(4) The Plaintiffs, Jennifer Prescott and Dr. Jorge Busse's Emergency Motion to Enjoin the Case Fixing on Record and Conspiracy of Case Fixing and for Judge to Recuse (Doc. #106) is **DENIED**.

(5) The Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Miscellaneous Relief to Clear Judicial Error (Doc. # 107) is **DENIED**.

(6) The Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion of the Dispositive Declaration of Plaintiffs' Record Ownership by U.S. Court of Appeals (Doc. # 108) is **DENIED**.

(7) The Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Miscellaneous Relief Specifically Timely Objections to Clear Judicial Error (Doc. # 109) is **DENIED**.

(8) The Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Miscellaneous Relief (Doc. # 110) is **DENIED**.

(9) The Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Injunction of Criminal Concealment and Striking of Document 76 by Judge Chappell (Doc. # 111) is **DENIED**.

(10) The Plaintiffs, Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Judicial Notice of Defendants' Fraud on the Court and Fraudulent Pleadings (Doc. # 112) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   31st   day of March, 2010.

*[signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record