UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER FRANKLIN PRESCOTT; JORG
BUSSE,

                Plaintiffs,

-vs-                                          Case No. 2:09-cv-791-FtM-36SPC

ROGER ALEJO; KENNETH M. WILKINSON;
JACK N. PETERSON; ROGER DESJARLAIS;
LEE COUNTY FLORIDA; LEE COUNTY
VALUE ADJUSTMENT BOARD; LORI L.
RUTLAND; STATE OF FLORIDA, BOARD of
TRUSTEES of the INTERNAL IMPROVEMENT
TRUST FUND; STATE OF FLORIDA,
DEPARTMENT of ENVIRONMENTAL,
Protection; CHAD LACH; REAGAN KATHLEEN
RUSSELL; KAREN B. HAWES; CHARLIE
GREEN; BOB JANES; BRIAN BIGELOW; RAY
JUDAH; TAMMY HALL; FRANK MANN;
UNITED STATES ATTORNEY(s); SEAN P.
FLYNN; E. KENNETH STEGEBY; DAVID P.
RHODES; A. BRIAN ALBRITTON; CYNTHIA A.
PIVACEK; JOHNSON ENGINEERING, INC.;
STEVEN CARTA; MIKE SCOTT; HUGH D.
HAYES; GERALD D. SIEBENS; STATE of
FLORIDA ATTORNEY GENERAL; WILLIAM
M. MARTIN; PETERSON BERNARD; SKIP
QUILLEN; TOM GILBERTSON; CHARLES
BARRY STEVENS,

                Defendants.
_____

**ORDER**

This matter comes before the Court on the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Waiver of Any and All Fees (Doc. #31) filed on December 18, 2009; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Miscellaneous Relief,

Specifically to Set Aside Fraudulent Order (Doc. 36) (Doc. # 47) filed on January 8, 2010; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Recusal of Magistrate Judge Sheri Polster Chappel (Doc. # 48) filed on January 8, 2010; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion to Set Aside Order (Doc. # 38) and to Adjudicate New Issues (Doc. # 49) filed on January 11, 2010; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion to Set Aside Order (Doc. # 38) and Mandatory Recusal of Magistrate Judge Chappell (Doc. # 50) filed on January 11, 2010; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion to Set Aside Order (Doc. # 37) and Mandatory Recusal of Magistrate Judge Chappell (Doc. # 51) filed on January 11, 2010; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Release of Lien (Doc. # 67) February 16, 2010; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion to Enjoin Judge Shopping and Enforce Court's Own Order for Removal of Corrupt R.A. Lazzara (Doc. # 72) filed on March 1, 2010; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion to Enjoin Defendants' Title Fraud & Fraud on the Court, and Any Government/ Judicial Sale (Doc. # 73) filed on March 5, 2010; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion to Specifically Enjoin Governmental Fraudulent Concealment of Uncontroverted Eminent Domain Record Forgeries and Obstruction of Justice and Court Access (Doc. # 82) filed on March 12, 2010; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Reconsideration and Declaratory Statement(s) of the Emergency of Judicial Case Fixing, Fraud on the Court(s) (Doc. # 83) filed on March 12, 2010; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Immediate Screening of the Prima Facie Illegality and Nullity of Lee County Scam O.R. 569/875 (Doc. # 85) filed on March 15, 2010; the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's

Emergency Motion to Enjoin Governmental Extortion & Threats by Defendant U.S. Agents, Judges, and Counsel (Doc. # 80) and for Removal from all Proceedings of Magistrate Judge S. Polster Chappell (Doc. # 86) filed on March 15, 2010; and the Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Immediate Removal of Court Officer Corinins and Objection to Perpetration of Fraud on Court (Doc. # 90) filed on March 15, 2010.

The Plaintiffs continue in many of their Motions to request the recusal of Magistrate Judge Chappell. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Any doubt "must be resolved in favor of recusal." See Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001). When considering recusal, the potential conflict must be considered as it applies to the entire case. Id. at 1310-11. A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). However, a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require. United States vs. Malmsberry, 222 F.Supp.2d 1345 (11th Cir. 2002) (citing United States vs. Greenspan, 26 F.3d 1001 (10th Cir. 1994)). The Court does not find after a thorough review of the record that the court's impartiality might reasonably be questioned based upon the facts cited in the Plaintiff's Motion.

Section 28 U.S.C. 455(b) spells out certain situations in which partiality is presumed and recusal is required.[1] After reviewing the explicitly enumerated conflicts of interest in which recusal

---

[1] Subsection 455 (b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of
(continued...)

is mandatory under section 455(b), if the Court does not find that any apply, the judge is obligated to continue to preside over the case. *See* Lawal v Winners International Rests Co. Ops., Inc., 2006 WL 898180 at * 4 (N.D. Ga. April 6, 2006) (holding a trial judge has as much obligation not to recuse herself when there is no reason to do so as she does to recuse herself when the converse is true).

The Court has already found that there are simply no grounds for recusal. The Plaintiffs only grounds set forth in all of their Motions stem from the fact that the Court has ruled against them in making determinations on issues before the Court. The Court states again that adverse rulings are not grounds for recusal.

The Plaintiffs continually assert that Judges in the Middle District of Florida, specifically the undersigned, and Judges on the Eleventh Circuit are corrupt and have participated in a conspiracy against him. The allegations appear to be based solely on the fact that the Plaintiff received adverse rulings from judges in the Middle District of Florida and from the Eleventh Circuit. A review of the Plaintiff's filings demonstrate that the Plaintiff's Motions are immaterial and scandalous, and do not

---

[1](...continued)
disputed evidentiary facts concerning the proceeding."; 455 (b)(2): "[w]here in private practice [the judge] served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."; 455 (b)(3): where the judge "served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."; 455(b)(4): where a judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."; or 455(b)(5)(i): "[w]here he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... [i]s party to the proceeding, or an officer, director, or trustee of a party."; 455(b)(5)(ii): where the judge "or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... is acting as a lawyer in the proceeding."

present legal arguments for the Court's review. The Plaintiffs' Motions are often merely repeats of the same frivolous arguments over and over again with only a few paragraphs changed to add a new allegation or individual defendant who prevailed on an issue before the Court. The Court finds no good cause to support any of the Plaintiffs Motions, and they are all due to be denied.

Accordingly, it is now

**ORDERED:**

(1) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Waiver of Any and All Fees (Doc. #31) is **DENIED**.

(2) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Miscellaneous Relief, Specifically to Set Aside Fraudulent Order (Doc. 36) (Doc. # 47) is **DENIED**.

(3) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Recusal of Magistrate Judge Sheri Polster Chappell (Doc. # 48) is **DENIED**.

(4) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion to Set Aside Order (Doc. # 38) and to Adjudicate New Issues (Doc. # 49) is **DENIED**.

(5) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion to Set Aside Order (Doc. # 38) and Mandatory Recusal of Magistrate Judge Chappell (Doc. # 50) is **DENIED**.

(6) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion to Set Aside Order (Doc. # 37) and Mandatory Recusal of Magistrate Judge Chappell (Doc. # 51) is **DENIED**.

(7) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Release of Lien (Doc. # 67) is **DENIED**.

(8) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion to Enjoin Judge Shopping and Enforce Court's Own Order for Removal of Corrupt R.A. Lazzara (Doc. # 72) is **DENIED**.

(9) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion to Enjoin Defendants' Title Fraud & Fraud on the Court, and Any Government/ Judicial Sale (Doc. # 73) is **DENIED**.

(10) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion to Specifically Enjoin Governmental Fraudulent Concealment of Uncontroverted Eminent Domain Record Forgeries and Obstruction of Justice and Court Access (Doc. # 82) is **DENIED**.

(11) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Motion for Reconsideration and Declaratory Statement(s) of the Emergency of Judicial Case Fixing, Fraud on the Court(s) (Doc. # 83) is **DENIED**.

(12) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Immediate Screening of the Prima Facie Illegality and Nullity of Lee County Scam O.R. 569/875 (Doc. # 85) is **DENIED**.

(13) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion to Enjoin Governmental Extortion & Threats by Defendant U.S. Agents, Judges, and Counsel (Doc. # 80) and for Removal from all Proceedings of Magistrate Judge S. Polster Chappell (Doc. # 86) is **DENIED**.

(14) The Plaintiffs Jennifer Franklin Prescott and Dr. Jorge Busse's Emergency Motion for Immediate Removal of Court Officer Corinins and Objection to Perpetration of Fraud on Court (Doc. # 90) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of April, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record