UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER FRANKLIN PRESCOTT; JORG
BUSSE,

                    Plaintiffs,

-vs-                                                          Case No. 2:09-cv-791-FtM-36SPC

ROGER ALEJO; KENNETH M. WILKINSON;
JACK N. PETERSON; ROGER DESJARLAIS;
LEE COUNTY FLORIDA; LEE COUNTY
VALUE ADJUSTMENT BOARD; LORI L.
RUTLAND; STATE OF FLORIDA, BOARD of
TRUSTEES of the INTERNAL IMPROVEMENT
TRUST FUND; STATE OF FLORIDA,
DEPARTMENT of ENVIRONMENTAL,
Protection; CHAD LACH; REAGAN KATHLEEN
RUSSELL; KAREN B. HAWES; CHARLIE
GREEN; BOB JANES; BRIAN BIGELOW; RAY
JUDAH; TAMMY HALL; FRANK MANN;
UNITED STATES ATTORNEY(s); SEAN P.
FLYNN; E. KENNETH STEGEBY; DAVID P.
RHODES; A. BRIAN ALBRITTON; CYNTHIA A.
PIVACEK; JOHNSON ENGINEERING, INC.;
STEVEN CARTA; MIKE SCOTT; HUGH D.
HAYES; GERALD D. SIEBENS; STATE of
FLORIDA ATTORNEY GENERAL; WILLIAM
M. MARTIN; PETERSON BERNARD; SKIP
QUILLEN; TOM GILBERTSON; CHARLES
BARRY STEVENS,

                      Defendants.
_____

## **ORDER**

This matter comes before the Court on the Plaintiffs, Jennifer Franklin Prescott and Jorge Busse's Motion for Reconsideration (Doc. #224) filed on July 1, 2010. The Plaintiffs move the

Court to reconsider its denial (Doc. # 175) of the Plaintiff's Motion to Extend Time to Effect Service.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts of law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

The Plaintiffs presented no intervening change in the controlling law, new evidence, or the need to correct clear error or prevent manifest injustice. Thus, the Motion is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Jennifer Franklin Prescott and Jorge Busse's Motion for Reconsideration (Doc. #224) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   2nd   day of July, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record